**Thomas W. DeMAIO, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

**CONSOLIDATED RAIL CORPORATION, Third-Party Plaintiff,**

v.

**WEE–TOTE–EM TAXI, INC., Allen H. Palmer, Jr. and Dennis R. Friends, Third-Party Defendants.**

No. 79 Civ. 4468.

United States District Court, S. D. New York.

May 14, 1980.

Elkind & Lampson, New York City, for plaintiff.

Miller, Harten & Harten, New York City, for third-party defendant, Friends; Mark Levenson, New York City, of counsel.

### MEMORANDUM AND ORDER

KNAPP, District Judge.

Plaintiff, having instituted an action under the Federal Employers' Liability Act ("FELA") 45 U.S.C. § 51 *et seq.* against his employer, Consolidated Rail Corporation ("Conrail"), seeks to amend his complaint to name as defendants three other parties claimed to be jointly responsible with Con-

rail for the injuries suffered. One of these parties, Dennis Friends, a citizen of the same state as plaintiff, opposes the motion on the ground that the court lacks subject matter jurisdiction over the suit between him and plaintiff. For reasons that follow we grant the motion.

### Facts

The complaint alleges that plaintiff was a conductor in Conrail's employ, that in the course of his employment Conrail caused him to be transported by taxicab from one station to another, and that, due to the driver's negligence, plaintiff was injured when the taxi collided with another automobile.

Defendant interposed an answer which apparently raised no issue as to plaintiff's allegation that the taxidriver had been acting as its agent, but denied that the driver had been negligent and claimed that plaintiff's injuries were due to his own lack of care. Conrail also served third party complaints on the owner of the taxi, the taxidriver, and upon Dennis Friends, the owner and driver of the car with which the taxi collided, claiming that any liability it might incur would be due to their active negligence. Plaintiff now seeks to amend his complaint to assert his state law claims for negligence against all three third-party defendants. As indicated, the defendant Friends opposes the motion on the ground that the court lacks subject matter jurisdiction.

It is obvious that the controversy between plaintiff and defendant Conrail and the ones between plaintiff and the taxicab owner, taxicab driver, and the owner of the car with which the taxi collided "derive from a common nucleus of operative facts" and that "if, considered without regard to their federal or state character", all should be tried "in one judicial proceeding." It follows that, there being no question of the "substantiality of the federal issue," we have power—in a constitutional sense—to hear plaintiff's claims against the three third-party defendants. *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218.

The question presented is whether the doctrine developed in *Aldinger v. Howard* (1976) 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 and *Owen Equipment & Erection Co. v. Kroger* (1978) 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 requires us to refrain from using our constitutional power. The teaching of those cases is that before exercising pendent party jurisdiction the court must examine the federal statute under which primary jurisdiction is asserted to determine whether the words or history of such statute contain anything to suggest that the Congress has either expressly or by implication negated the exercise of jurisdiction over the non-federal claim sought to be asserted.

In *Aldinger* the court inferred such a negative intent from Congress' then assumed concern for protecting municipalities from being subjected to § 1983 law suits. In *Owen* such intent was inferred from congressional concern—strongly reinforced by the judiciary—strictly to confine diversity jurisdiction to situations where there is diversity between *all* defendants and *all* plaintiffs in a lawsuit.

We can perceive no such congressional intent, explicit or implicit, in the statutory provision conferring FELA jurisdiction upon the federal courts. On the contrary, it was the clear intent of the Congress to give an FELA plaintiff untrammeled choice between state and federal jurisdictions. Cf. *Burnett v. New York Central R. Co.* (1965) 380 U.S. 424, 434, 85 S.Ct. 1050, 1057, 13 L.Ed.2d 941. Given that purpose, it would be contrary to Congress' intent to make the federal less attractive than the state forum by denying the plaintiff the right to try his entire controversy in a federal forum. We therefore grant plaintiff's motion to amend his complaint.

SO ORDERED.