Coleen PHILIPSON, Plaintiff,

v.

The LONG ISLAND RAIL ROAD,
Defendant/Third-Party Plaintiff,

v.

NEW YORK TELEPHONE COMPANY,
Third-Party Defendant.

No. CV–80–1790.

United States District Court,
E. D. New York.

July 1, 1981.

Delson & Gordon, New York City by Alvin Meadow, New York City, for plaintiff.

Harold Levy, New York City, for third party defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Plaintiff, who is employed by the Long Island Rail Road ("LIRR") as an information operator, has brought this action pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et seq., alleging that she has been injured as a result of loud highpitched sounds emitted from the telephone lines she was using. The complaint alleges that the LIRR had notice of these highpitched sounds and still required plaintiff to use these telephones. Defendant has impleaded the New York Telephone Company, claiming that the company had failed to keep its telephone lines in repair and was, therefore, responsible to indemnify defendant LIRR for any judgment obtained by plaintiff against it. Plaintiff now seeks leave pursuant to Rules 14(a) and 15 to amend her complaint to assert a common law negligence claim directly against the third-party defendant, New York Telephone Company. Plaintiff also seeks leave to amend her complaint to change the date of the accident from "on or about November 11, 1978" to "on or about the period November 23 through November 25, 1978." There is no opposition to this latter request; and, accordingly, it is granted.

This action was commenced on June 25, 1980. Plaintiff asserts that, during the deposition of defendant LIRR, taken on May 11, 1981, defendant's representative

stated that the kind of sound complained of by plaintiff had existed several months prior to plaintiff's accident and had been reported to the Telephone Company several months prior to the accident. Accordingly, plaintiff now believes that the third-party defendant may be liable directly to her for gross negligence.

It is undisputed that plaintiff and third-party defendant are both citizens of New York and that the claim plaintiff seeks to assert against the third-party defendant is non-federal in nature. Rather, quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), plaintiff asserts that the controversy between her and defendant LIRR and the one between her and third-party defendant Telephone Company "derive from a common nucleus of operative facts" and that, "if considered without regard to their Federal or State character," the entire case should be tried "in one judicial proceeding." In addition, plaintiff relies on *DeMaio v. Consolidated Rail Corporation,* 489 F.Supp. 315 (S.D.N.Y.1980), in which the court held that a plaintiff suing Conrail under FELA could assert a direct claim against a third-party defendant brought into the case by Conrail based on pendent jurisdiction. That holding was based on the court's finding that there was no congressional intent, explicit or implied, to negate the exercise of jurisdiction over the non-federal claims when it conferred FELA jurisdiction upon the federal courts. *Id.* at 316.

The analysis dictated by the line of Supreme Court cases beginning with *United Mine Workers v. Gibbs, supra,* and developed in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), by which the Court must determine whether it may exercise pendent party jurisdiction is a two-step process. First, the Court must decide whether it has the constitutional power to decide plaintiff's lawsuit against the third-party defendant. Under *Gibbs,* this power exists, as plaintiff has correctly pointed out, if the state and federal claims "derive from a common nucleus of operative fact;" if, "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding;" and if the federal issues are "substantial." 383 U.S. at 725, 86 S.Ct. at 1138. I find that plaintiff's federal and non-federal claims fulfill these requirements and that this Court, therefore, has the constitutional power to hear plaintiff's claim against third-party defendant Telephone Company.

The second question is whether examination of the "specific statute that confers jurisdiction over the federal claim [reveals that] ... 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over [this] particular nonfederal claim." *Owen Equipment & Erection Co. v. Kroger, supra,* 437 U.S. at 373, 98 S.Ct. at 2402. I agree with Judge Knapp's determination in *DeMaio* that there appears to be no such congressional intent in the statutory provision conferring FELA jurisdiction upon the federal courts. Congress created concurrent jurisdiction over FELA in the federal and state courts and, thereby, allowed a plaintiff to choose the forum in which she would bring her action. *See* 45 U.S.C. § 56. The purpose of providing the option of a federal forum was to foster a nationwide and uniform system of liberal remedial rules. *See South Buffalo Railway Co. v. Ahern,* 344 U.S. 367, 371, 73 S.Ct. 340, 342, 97 L.Ed. 395 (1953). It is entirely consistent with this congressional policy to permit plaintiff to try her entire controversy in a federal forum rather than make that option less desirable by requiring an essentially unitary litigation to be tried in two courts. Since plaintiff has chosen the federal forum and because I find that there is no indication of a congressional intent to preclude litigation in federal court of the entire controversy, plaintiff's motion to amend her complaint is granted.