**Duwane L. SHOGREN, Plaintiff,**

**v.**

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, a corporation; O. Robert Nelson, A. Burton Curtiss, Defendants.**

**Civ. No. 4–85–428.**

United States District Court,
D. Minnesota,
Fourth Division.

March 5, 1986.

Frank W. Petro, Henselee, Monek & Henselee, Chicago, Ill., for plaintiff.

Jeremiah P. Gallivan, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for defendant Chicago, Milwaukee, St. Paul and Pacific R. Co.

Thomas E. Marshall, and Richard P. Mahoney, Mahoney, Dougherty and Mahoney,

Minneapolis, Minn., for defendants Nelson and Curtiss.

## MEMORANDUM OPINION
## AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Duwane L. Shogren brought this personal injury action against defendants Chicago, Milwaukee, St. Paul and Pacific Railroad Company (the railroad), O. Robert Nelson, and A. Burton Curtiss. Jurisdiction is alleged under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, and pendent jurisdiction. The railroad and the individual defendants have asserted crossclaims against each other for indemnity and/or contribution. The railroad also asserted a crossclaim against the individual defendants for property damage. Individual defendants Nelson and Curtiss, both residents of Minnesota, now move for dismissal, asserting that the court lacks subject matter jurisdiction. Alternatively, they seek to dismiss or stay this action on the basis of abstention.

■ After carefully considering the parties' arguments, the court concludes that pendent party jurisdiction may properly be asserted here. Plaintiff's claims against the railroad and the individual defendants "derive from a common nucleus of operative facts;" considered "without regard to their federal or state character," all should be tried in "one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Further, there is nothing in the statutory provision conferring FELA jurisdiction upon the federal courts to suggest that Congress expressly or by implication negated the exercise of jurisdiction over the non-federal claim asserted. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *North Dakota v. Merchants National Bank & Trust Co.*, 634 F.2d 368 (8th Cir.1980). *See also DeMaio v. Consolidated Rail Corp.*, 489 F.Supp. 315 (S.D.N.Y.1980). Congress gave a FELA plaintiff the choice between federal and state jurisdictions. *Cf. Bur-*

*nett v. New York Central Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Thus, the court has the power to allow joinder of these pendent parties. For reasons of judicial economy, convenience and fairness to the litigants, it is appropriate to exercise pendent party jurisdiction in these circumstances.

■ The individual defendants also argue that these proceedings should be dismissed or stayed due to principles of abstention because plaintiff has initiated an identical cause of action in state court. This argument is unpersuasive. The record indicates that the plaintiff elected under FELA to bring his suit in federal court. He only filed the state court action after the individual defendants noticed their motion to dismiss for lack of subject matter jurisdiction. The state court suit is clearly an attempt to preserve his claims should part of the federal action be dismissed. The record also reveals no "exceptional" circumstances to cause the court to abstain. *See Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motions of defendants O. Robert Nelson and A. Burton Curtiss to dismiss or stay these proceedings are denied.