Joseph MADARASH and Raymond Santiago, Plaintiffs,

v.

The LONG ISLAND RAIL ROAD COMPANY and Green Bus Lines, Inc., Defendants.

The LONG ISLAND RAIL ROAD COMPANY, Third Party Plaintiff,

v.

GREEN BUS LINES, INC., Third Party Defendant.

No. CV 84–1473 (RJD).

United States District Court, E.D. New York.

Jan. 16, 1987.

Altier, Wayne & Klein, New York City by Joseph Altier, for plaintiffs.

Thomas M. Taranto, Long Island Rail Road Co., Jamaica Station, Jamaica, N.Y. by Edward Lukoski for defendant and third party plaintiff Long Island Rail Road Co.

Jerome Cooper, Jamaica, N.Y., for defendant and third party defendant Green Bus Lines.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Plaintiffs commenced this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., against the Long Island Rail Road Company (the "LIRR") in April 1984. Plaintiffs, employees of the LIRR, claim that they were injured in February 1983, when a LIRR work truck in which they were riding was involved in a collision. During discovery, the driver of the truck indicated that the accident occurred because a bus operated by the Green Bus Lines, Inc. ("Green Bus") cut off the LIRR truck. Thereafter, in December 1984, plaintiffs filed an Amended Complaint which named Green Bus as a defendant and the LIRR subsequently asserted a cross-claim against Green Bus. Green Bus answered the Amended Complaint in January 1985, engaged in discovery and prepared for a trial of this action which was scheduled to begin on September 9, 1986. In fact, the parties selected a jury on September 2, 1986.

On September 8, 1986, immediately prior to the start of the trial, Green Bus requested an adjournment of the trial because of certain problems regarding its excess insurance carrier and moved to dismiss plaintiffs' claims against it for lack of subject matter jurisdiction. In addition, Green Bus argued that plaintiffs did not state a claim against it because they did not allege "serious injuries" as required by New York's No-Fault Law, N.Y. Ins.Law § 5104 (McKinney 1985 & Supp.1986).

Because there was no independent basis for subject matter jurisdiction over plaintiff's state-law claims against Green Bus, this Court granted Green Bus's motion to dismiss plaintiffs' claims against it. As Green Bus was no longer properly in the case, the Court also dismissed the LIRR's cross-claim. The Court adjourned the trial and granted the LIRR leave to file a Third Party Complaint against Green Bus and implead Green Bus back into the action.

Pursuant to the Court's direction, the LIRR impleaded Green Bus and the plaintiffs, with leave of Court, filed a Second Amended Complaint adding its state law claims against Green Bus in September 1986. Green Bus now moves for an order dismissing plaintiffs' Second Amended Complaint as against Green Bus (1) pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and (2) pursuant to Fed.R.Civ.P. 12(b)(6), because such Complaint is barred by the applicable statute of limitations. For the reasons set forth below, the motion is in all respects denied.

SUBJECT MATTER JURISDICTION

■ It is undisputed that plaintiffs' claims against Green Bus arise under New York law and that there is no diversity of citizenship between plaintiffs and Green Bus. It is also apparent that plaintiffs' FELA claim is substantial and that plaintiffs' federal and state claims "derive from a common nucleus of operative fact ... [and] are such that [plaintiffs] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Accord-ingly, under the Supreme Court's ruling in *Gibbs*, this Court has the constitutional power to hear the entire dispute based upon principles of pendant jurisdiction.

■ In this case, however, the issue of pendant jurisdiction is not one involving the federal court's adjudication of a state law claim against a defendant properly in federal court based on a federal question. Instead, this case requires a determination "of whether the doctrine of pendant jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists." *Aldinger v. Howard*, 427 U.S. 1, 2–3, 96 S.Ct. 2413, 2414–15, 49 L.Ed.2d 276 (1976). In *Aldinger*, the Supreme Court held that 42 U.S.C. § 1983, which confers jurisdiction on federal courts for federal civil rights claims, does not allow the court to exercise pendant-party jurisdiction over state law claims against defendants not within the ambit of § 1983. Before the Supreme Court's decision in *Aldinger*, the Second Circuit Court of Appeals held on a number of occasions that it was within the power of the district courts to hear non-federal claims against defendants who are not liable on the federal claim giving rise to jurisdiction, provided that the federal and non-federal claims arise out of a "common nucleus of operative fact." *See, e.g., Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir.1971); *Astor-Honor, Inc. v. Grosset & Dunlap, Inc.*, 441 F.2d 627 (2d Cir.1971).

Since *Aldinger*, some district courts in this Circuit have understandably questioned the survival of pendant-party jurisdiction, *see, e.g., Neilan v. Value Vacations, Inc.*, 603 F.Supp. 1227 (S.D.N.Y. 1985); *Shields v. Consolidated Rail Corp.*, 530 F.Supp. 400 (S.D.N.Y.1981), while others have found that such jurisdiction is proper, *see, e.g., Independent Bankers Association of New York, Inc. v. Marine Midland Bank, N.A.*, 575 F.Supp. 1425 (W.D.N.Y.1983); *DeBellas v. United States*, 542 F.Supp. 999 (S.D.N.Y.1982); *Philipson v. Long Island Rail Road*, 90 F.R.D. 644 (E.D.N.Y.1981); *DeMaio v.*

*Consolidated Rail Corp.,* 489 F.Supp. 315 (S.D.N.Y.1980); *Maltais v. United States,* 439 F.Supp. 540 (N.D.N.Y.1977). Having already concluded that the *Gibbs'* "common nucleus" test is met in this case, this Court is of the view that to require the trial in this Court of plaintiffs' claim against the LIRR and the LIRR's third party claim against Green Bus and the trial in state court of plaintiffs' claim against Green Bus "would be an unjustifiable waste of judicial and professional time—indeed, a travesty on sound judicial administration." *Astor-Honor,* 441 F.2d at 630.

In the instant case, pendant-party jurisdiction is proper notwithstanding the Supreme Court's decision in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). FELA, the specific statute that confers jurisdiction over plaintiffs' federal claims against the LIRR neither expressly nor impliedly negates this Court's exercise of jurisdiction over plaintiffs' claims against Green Bus. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Rather, as Judge Sifton indicated in *Philipson v. Long Island Rail Road,* 90 F.R.D. 644, 645 (E.D.N.Y.1981), the congressional objective of a "nationwide and uniform system of liberal remedial rules" would be frustrated if FELA plaintiffs were forced to either bifurcate their claims between a federal and state court or litigate their federal claims in state court foregoing the federal forum conferred by FELA.

The motion by Green Bus to dismiss plaintiffs' claims against it for lack of subject matter jurisdiction is denied.

## STATUTE OF LIMITATIONS

The accident underlying this suit occurred in February 1983. The action by plaintiffs against Green Bus was timely under New York's three year statute of limitations, N.Y.Civ.Prac.Law § 214 (McKinney 1972 & Supp.1986), when it was originally commenced in December 1984. Following the dismissal of that action for lack of subject matter jurisdiction, plaintiffs recommenced the action in September 1986 by way of their Second Amended Complaint. The recommenced action is not timely under the three year statute of limitations and would be barred absent an applicable provision tolling or extending the period to commence the action.

■ N.Y.Civ.Prac.Law § 205(a) (McKinney Supp.1986) provides, in pertinent part:

*New action by plaintiff.* If an action is timely commenced and is terminated in *any other manner* than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action. (Emphasis Supplied)

A federal court, applying New York law, will apply this provision in appropriate circumstances to determine the timeliness of an action. *See Harris v. United States Liability Insurance Company,* 746 F.2d 152 (2d Cir.1984); *Graziano v. Pennell,* 371 F.2d 761 (2d Cir.1967). The Second Circuit has recognized that "[i]n applying the statute, New York courts are properly concerned, not with the 'technicalities of the form of relief originally requested', but with whether the defending party was fairly notified of the subject of the dispute within the limitations period." *Harris,* 746 F.2d at 154 (quoting 1 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice* ¶ 205.04 (1984)). In this case it cannot be disputed that Green Bus had notice of the subject matter of plaintiffs' claims well within the prescribed period. In fact, a review of the record and file indicates that Green Bus has actively engaged in defending this lawsuit since January 1985. Contrary to Green Bus's lame assertion, it is inconsequential to the application of section 205(a) that the Second Amended Complaint more particularly sets forth plaintiffs' claims against Green Bus. More particularized or not, the Second Amended Com-

plaint told Green Bus nothing about plaintiffs' claims that they had not long since found out during the one and one-half years that it participated in discovery. In any event, the language of section 205(a) applies to "a new action upon the same transaction or occurrence" as the original timely action. The other requirements of Section 205(a) having been satisfied, that section of New York law is properly applied and plaintiffs' Second Amended Complaint was timely commenced.

■ Green Bus also argues that Fed.R. Civ.P. 15(c), and not section 205(a), should apply to the instant case, and would require dismissal. Rule 15(c) governs the relation back of amended pleadings to the date of filing of the original pleading. Rule 15(c) provides that:

> Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Green Bus attempts to avoid the relation back of the Second Amended Complaint by arguing that the provisions of Rule 15(c) regarding amendments changing the party against whom a claim is asserted should apply. These more restrictive provisions, which comport with a defendant's right to repose, simply do not apply to this case. Green Bus seeks to profit from the Court's dismissal for technical jurisdictional reasons on the very morning of trial by trying unpersuasively to convince the Court that it was not a party to this lawsuit at the time of the Second Amended Complaint. Green Bus was brought into this case as a direct defendant on plaintiffs' claims well within the limitations period. Green Bus participated in the litigation and its assertions that it is being brought into the lawsuit as a new or different party are without merit. Such a result might deprive plaintiffs of an opportunity to have a determination in this Court of the merits of their claims because of technicalities of pleading. That is surely not the intention of Rule 15(c). See 19 *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure,* § 4509 at 156 (1982 & Supp.1986).

Plaintiffs adequately pleaded their claims against Green Bus in their first Amended Complaint. Green Bus became a party to this action within the applicable limitations period. After the expiration of the statute of limitations, this Court dismissed plaintiffs' first Amended Complaint with leave to amend and Rule 15(c) provides that the claims set forth in the Second Amended Complaint relate back to the date of filing of plaintiffs' first Amended Complaint.

■ Green Bus's imaginative but disingenuous attempt to reap the windfall benefit of dismissal following its inexcusably late challenge to this Court's jurisdiction requires that another point be made. Although a challenge to the Court's subject matter jurisdiction may be made at any time, Green Bus and its attorneys had all of the information necessary to make their motion at the time plaintiffs' first Amended Complaint was filed in December 1984. Green Bus answered that Amended Complaint in early January 1985—twenty months before making its motion to dismiss. Green Bus filed notices to take certain depositions and for discovery and inspection in September 1985. Green Bus attended and participated in a status conference before the undersigned on May 22, 1986, when the case was scheduled for a

**56**

final pre-trial conference and jury selection on September 2, 1986, and for trial on September 8, 1986. The jury was selected on September 2, 1986 and reported for duty on September 8 and 9, 1986, when they were excused because of the adjournment of trial necessitated solely by Green Bus's application. This Court cannot understand why Green Bus waited until the morning of trial to make its motion to dismiss. Perhaps, Green Bus sought to avoid a trial on the merits of plaintiffs' claims against it by allowing the statute of limitations to expire before bringing the technical jurisdictional defect to the Court's attention or perhaps counsel neglected to focus attention on plaintiffs' claims and any possible disposition thereof until shortly before the trial was to begin. If proffered, neither of these explanations would be acceptable to the Court. Indeed, on the face of it, the situation would apparently justify the imposition of an appropriate sanction. In more concrete terms, the Clerk of the Court has advised that a panel of thirty prospective jurors was summoned for jury selection on September 2, 1986, eight of whom were in fact chosen, empanelled and called to return for commencement of trial on September 8, 1986—totalling thirty-eight juror days at $46.00 per day, equalling $1,748. Counsel for Green Bus is directed to file with the Clerk of the Court, within ten days from the date hereof, with copies to all counsel, a written explanation for their extraordinary delay in challenging the Court's jurisdiction, including any reasons why the Court should not impose on counsel, as a sanction, the expenses of jury selection which were, without question, needlessly incurred by the Court.

## CONCLUSION

Green Bus's motion to dismiss plaintiff's Second Amended Complaint is denied.

Counsel shall appear before this Court for a Final Pre-trial Conference on Wednesday, March 4, 1987, at 10:00 a.m. As previously scheduled, jury selection will take place on March 9, 1987, and trial will commence on March 16, 1987.

SO ORDERED.