## Harry W. STINEFELT

### v.

## BALTIMORE & OHIO RAILROAD COMPANY, et al.

### Civ. No. JFM-85-4244.

United States District Court,
D. Maryland.

July 9, 1987.

John T. Enoch, Goodman, Meagher & Enoch, Baltimore, Md., H. Chris Christy, Jones & Granger, Houston, Tex., for plaintiff.

Ransom J. Davis, Melnicove, Kaufman, Weiner & Smouse, C. Keith Meiser, Allan B. Rabineau, Baltimore, Md., for defendants.

## MEMORANDUM

MOTZ, District Judge.

This action is brought under the Federal Employers' Liability Act. Initially, the sole defendant was the Baltimore and Ohio Railroad Company, plaintiff's employer. Plaintiff amended his Complaint to join as an additional defendant Kane Transfer Company, which allegedly had been retained by B & O as an independent contractor for the operation of a "Packer machine." Plaintiff's claim against Kane is for common law negligence.

---

Kane has filed a motion to dismiss on the ground that this Court lacks subject matter jurisdiction over the claim against it. There is no diversity of citizenship between plaintiff and Kane. Therefore, the question presented is whether or not this Court may properly exercise pendent party jurisdiction over Kane.

The Fourth Circuit has adopted a tripartite test for determining whether a Court may exercise pendent party jurisdiction.

Three requirements must be satisfied for a proper exercise of pendent party jurisdiction: (1) the existence of a "common nucleus of operative fact" under U.S. Const. art. III, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); (2) the absence of congressional negation of jurisdiction "expressly or by implication" in the relevant jurisdictional statute, *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976); and (3) the existence of prudential concerns favoring the exercise of jurisdiction, *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.[1]

*Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407 (4th Cir.1986).

There clearly appears to exist a "common nucleus of operative fact" in plaintiff's respective claims against B & O and Kane. It may also be assumed for present purposes that Congress has not negated the exercise of pendent party jurisdiction in appropriate FELA cases. Ancillary jurisdiction, at least, has been exercised by several courts over a claim asserted by a plaintiff against a third-party defendant impleaded by the original defendant. *See, e.g., Potter v. Rain Brook Feed Co.*, 530 F.Supp. 569 (E.D.Cal.1982); *Philipson v. Long Island Rail Road*, 90 F.R.D. 644 (E.D.N.Y.1981); *DeMaio v. Consolidated Rail Corp.*, 489 F.Supp. 315 (S.D.N.Y. 1980). However, the considerations of convenience, judicial economy and fairness which dictate the exercise of jurisdiction in such cases do not apply in a case such as the present one where plaintiff, who himself seeks to bring in the third party as a defendant, could have instituted his suit against both defendants in state court.[2] 45 U.S.C. Section 56; *but see Shogren v. Chicago, Milwaukee, St. Paul and Pacific Railroad Company*, 630 F.Supp. 233 (D.Minn.1986). Nor is there present in FELA cases any overriding federal interest or any issue falling within a federal court's particular competence which mandates the exercise of federal jurisdiction. To the contrary, as Congress has recognized in conferring upon state courts concurrent jurisdiction over FELA claims, state courts are at least as competent as federal courts to handle such claims. And since the claim against Kane is based on state law, this court should presume that it would best be resolved in state court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

For these reasons Kane's motion to dismiss will be granted. A separate order to that effect is being entered herewith.

---

1. In a concurring opinion Judge Hall stated his view that only the first and second of the steps outlined by the Court determined jurisdiction; according to Judge Hall, the prudential weighing of whether to hear a suit is not itself part of the process of determining jurisdiction. 800 F.2d at 408. It is immaterial to the result here whether the majority's or Judge Hall's approach to the issue is taken.

2. Limitations may now have expired at least as to a portion of plaintiff's claim against Kane. However, this is plaintiff's own fault. When this case was reassigned to this Judge with a motion to dismiss pending, limitations had not yet expired and the Court wrote to counsel suggesting that the plaintiff might wish voluntarily to dismiss the federal action and institute a new one in State court.