**James STAFFER, Plaintiff,**

v.

**The STATEN ISLAND HOSPITAL and Joseph Suarez, Defendants.**

**No. 88 CV 1039.**

United States District Court, E.D. New York.

May 5, 1988.

Bernard D. Friedman, New York City, for plaintiff.

Michael F. Close, Barry, McTieran & Moore, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff commenced this medical malpractice action in state court against defendants, The Staten Island Hospital ("Hospital") and Joseph Suarez, M.D. All of the parties are New York citizens and reside in this district. Defendants removed the action to this Court, asserting that the case presents a federal question under 28 U.S.C. § 1331. Defendants now move to transfer the case to the District Court for the Southern District of New York. *See id.* § 1404(a). Plaintiff cross-moves for an order to remand the case to the state court. *See id.* § 1447(c).

### FACTS

Plaintiff was a deckhand employed by the Bouchard Transportation Company ("Bouchard"). He brought a personal injury action under the Jones Act, 46 U.S.C. App. § 688, against Bouchard in the Southern District of New York. Bouchard impleaded the Hospital and Suarez under Fed. R.Civ.P. 14, alleging malpractice that aggravated plaintiff's injuries. The claim against the Hospital was subsequently dismissed. Plaintiff did not join the Hospital or Suarez as defendants. The actions were tried to separate juries.

Pursuant to a verdict the Court entered judgment in the amount of $480,650.38 in favor of plaintiff against Bouchard. The judgment has been stayed pending Bouchard's appeal. The jury found that Suarez' negligence had contributed ninety per-

cent to plaintiff's physical injuries and one hundred percent to his pain and suffering. Suarez' motion to set aside the verdict is sub judice.

Shortly after the verdict on Bouchard's third-party claim, plaintiff commenced this malpractice action in the Supreme Court of the State of New York, Richmond County. Defendants removed the action to this Court under 28 U.S.C. § 1441, asserting that they are pendent parties to the case brought in the Southern District. Defendants move to transfer this action to the Southern District, *see id.* § 1404(a), where they apparently will seek to consolidate this case with the previously-filed one, *see* Fed.R.Civ.P. 18. Plaintiff argues that this case was removed improvidently and without jurisdiction, and moves to remand the action to state court under 28 U.S.C. § 1447(c).

## DISCUSSION

Subject to specific statutory exceptions, any civil action brought in state court of which the district courts have original jurisdiction may be removed to the district and division where the action is pending. *See* 28 U.S.C. § 1441(a). Where original jurisdiction is founded upon a federal question, the action is removable regardless of where the defendants reside. *See id.* § 1441(b). A case removed "improvidently and without jurisdiction" must be remanded to the state court. *Id.* § 1447(c). Whether removal was proper must be determined from the complaint as it stood when the removal petition was filed. *Rosenberg v. GWV Travel, Inc.,* 480 F.Supp. 95, 96 (S.D.N.Y.1979). On a motion for remand, the defendant bears the burden of proving that removal was proper. *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979).

Plaintiff asserts that removal was improper because no federal question is presented by this case. Defendants concede that the Complaint seeks relief solely under state law, but argue that jurisdiction may be exercised under the much-criticized pendent-party doctrine, *see Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), because of the close relationship between this case and plaintiff's Jones Act claim in the Southern District. I disagree.

A case may not be removed to federal court under § 1441(b) unless the complaint, which is crafted by plaintiff, alleges a claim that arises under federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). The Complaint in this case alleges malpractice, which is a tort under state law. Defendants argue that had plaintiff chosen to join them as defendants in the case brought in the Southern District, then that court might have exercised jurisdiction under the pendent-party doctrine.* *See Madarash v. Long Island Railroad,* 654 F.Supp. 51, 53–54 (E.D.N.Y.1987); *cf. Independent Bankers Association v. Marine Midland Bank, N.A.,* 757 F.2d 453, 463–65 (2d Cir.1985) (court had power to exercise pendent-party jurisdiction over state claim, but should have remanded case because of important and novel questions of state law), *cert. denied,* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986). Regardless of whether this is true, it is irrelevant. A pendent party, by definition, has been joined "at the behest of the *plaintiff*" to a federal question case. *Aldinger,* 427 U.S. at 15, 96 S.Ct. at 2420–21 (emphasis added). Defendants cite no authority for the proposition that a *defendant* may avail itself of a federal forum under pendent-party jurisdiction. Although in this case removal and transfer would be efficient, a plain reading of the Complaint leads me to conclude that the jurisdictional predicate for removal has not been met. Accordingly, plaintiff's cross-motion to remand the case to state court is granted. Defendants' motion to transfer the case is denied.

SO ORDERED.

---

* Had plaintiff brought one action in state court in which he sued Bouchard under the Jones Act and the Hospital and Suarez for malpractice, the case could not have been removed to federal court. *See* 46 U.S.C. § 688(a) (incorporating prohibition of removal of actions brought under 45 U.S.C. §§ 51–60).