**Sidney P. YOUNG and Lillie Young, his wife, Plaintiffs,**

v.

**CONSOLIDATED RAIL CORPORA-TION, Ford Motor Company, Defendants.**

Civ. A. No. 88–CV–74556–DT.

United States District Court, E.D. Michigan, S.D.

April 13, 1989.

Arvin J. Pearlman, Southfield, Mich., for plaintiffs.

T. Patrick Durkin, Detroit, Mich., for Consolidated Rail Corp.

Willie E. McGlory, Dearborn, Mich., for Ford Motor Co.

OPINION

DUGGAN, District Judge.

Plaintiff Sidney Young brings this action to recover damages for injuries allegedly sustained when, as a railroad box car brakeman, "his body collided into racks which had been placed along side [sic] the track." Complaint, § 5.[1] Plaintiff seeks relief from defendant Consolidated Rail

---

1. Plaintiff's wife also joins the action. For purposes of this Opinion, however, it is unneces-sary to refer to her.

Corporation, his employer, pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and from defendant Ford Motor Company on whose premises the accident allegedly occurred. Plaintiff asserts a state law negligence claim against Ford, a non-diverse defendant, and thus invokes the doctrine of pendent party jurisdiction.[2] Defendant Ford presently moves to dismiss arguing that the Court lacks subject matter jurisdiction over the claim directed against it. *See* Fed.R.Civ.P. 12(b)(1). This Court agrees.

The starting point for this Court's analysis is the following passage taken from *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976):

> If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

*Id.* at 18, 96 S.Ct. at 2422. In *Aldinger*, the United States Supreme Court held that 28 U.S.C. § 1343(3), which grants to federal district courts original jurisdiction of section 1983 civil rights actions, among others, does *not* allow the exercise of pendent party jurisdiction over state law claims against a defendant county. At the time of the lawsuit, a county was not a "person" within the meaning of section 1983 and, thus, not accountable, pursuant to section 1983, for the deprivation of civil rights.[3]

■ Because the Court in *Aldinger* thought "it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement [,]" *ibid.*, and thus stopped

short of providing a comprehensive approach to the jurisdictional problem posed by a pendent party, lower courts have shaped pendent party doctrine. The Sixth Circuit has not addressed the problem after *Aldinger*. This Court, nonetheless, is not without appellate guidance. The Fourth Circuit, for example, has adopted a tripartite test for determining the proper exercise of pendent party jurisdiction:

> Three requirements must be satisfied for a proper exercise of pendent party jurisdiction: (1) the existence of a "common nucleus of operative fact" under U.S. Const. art. III, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); (2) the absence of congressional negation of jurisdiction "expressly or by implication" in the relevant jurisdictional statute, *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976); and (3) the existence of prudential concerns favoring the exercise of jurisdiction, *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. *See generally Lee Construction Co. v. Federal Reserve Bank*, 558 F.Supp. 165, 170–171 (D.Md.1982).

*Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407 (4th Cir.1986). A similar three-tiered analysis was undertaken in *Ambromovage v. United Mine Workers of America*, 726 F.2d 972 (3rd Cir.1984), cited approvingly in *Allor v. Amicon Corp.*, 631 F.Supp. 326, 332 (E.D.Mich.1986). The *Aldinger* decision, in this Court's opinion, teaches that pendent party claims should be entertained cautiously. Accordingly, the Court hereby adopts the three-pronged test of *Johnson, supra*, to govern plaintiff's pendent party claim, believing that such test best comports with the letter and spirit of *Aldinger*.

---

**2.** As used throughout this Opinion, the term "pendent party" refers to the situation where, like here, a plaintiff who has asserted a federal question claim against one defendant, also seeks to join an entirely different party over whom no independent basis of federal jurisdiction exists.

**3.** Despite a subsequent change in the substantive law of section 1983 to the effect that counties

are now amenable to suit, *see Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the holding in *Aldinger* is undisturbed. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 372–273 n. 12, 98 S.Ct. 2396, 2401–2402 n. 12, 57 L.Ed.2d 274 (1978).

194

In the case at bar, the second requirement—"the absence of congressional negation of jurisdiction", 800 F.2d at 407—is determinative. The relevant jurisdictional statute, 45 U.S.C. § 56 provides in pertinent part:

> [A FELA] action may be brought in a district court of the United States.... The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states.

*Ibid.* Regarding the question of pendent party jurisdiction, then, the statute is silent. The inquiry, however, does not end. Like the Supreme Court in *Aldinger* which relied on the underlying substantive statute involved, *i.e.*, 42 U.S.C. § 1983, this Court will examine additional language of the FELA.

As alluded to earlier, the *Aldinger* Court held that by not including counties as "persons" subject to § 1983 liability, Congress impliedly declined to extend federal jurisdiction over such a party. 427 U.S. at 16–19, 96 S.Ct. at 2421–2423. Here, too, liability is imposed against a select few defendants, namely, railroad common carriers. 45 U.S.C. § 51 provides in pertinent part:

> Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier....

*See also Kieronski v. Wyandotte R.R. Co.*, 806 F.2d 107, 108 (6th Cir.1986) (embellishing the term "common carrier"). Plaintiff does not allege, nor can he seriously contend, that defendant Ford, under the facts of this case was a "common carrier by railroad...." 45 U.S.C. § 51. Furthermore, plaintiff's complaint names defendant Consolidated Rail Corp., not Ford, as his employer. Clearly, Congress did not intend that a party who is not a common carrier and not an employer could be sued under FELA. Therefore, looking to the underlying liability provision as did the Court in *Aldinger*, this Court must conclude that Congress, by implication, negated pendent party jurisdiction over defendant Ford.

Plaintiff urges this Court to entertain the pendent claim on efficiency grounds. This argument, is without merit. *First,* the efficiency of consolidating the pendent state law claim with his FELA claim is offset, by the unfairness imposed upon defendant Ford, a non-federal defendant. Moreover, the efficiency he seeks is available in state court and, thus, counsels equally against joinder. *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). ("[T]he efficiency plaintiff seeks so avidly is available without question in the state courts.") *See also Stinefelt v. Baltimore & Ohio R.R. Co.,* 664 F.Supp. 989, 990 (D.Md.1987) (FELA claim). *Second,* although plaintiff's argument highlights a "prudential [concern] favoring the exercise of jurisdiction[.]" *Johnson, supra,* at 407, it completely disregards the required analysis of the federal statute conferring jurisdiction to determine whether Congress negated pendent party jurisdiction. *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422.

For the reasons stated, plaintiff's negligence claim against defendant Ford must be dismissed.

An Order consistent with this Opinion shall issue forthwith.