James J. **TERSINER**, Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY, and Michael Gretencord, d/b/a Penn's Apco, Defendants.**

Civ. A. No. 89–2299–O.

United States District Court,
D. Kansas.

June 7, 1990.

Henri J. Watson, Kansas City, Mo., William Metcalf, Metcalf & Justus, Topeka, Kan., for plaintiff.

Brian G. Boos, Gehrt & Roberts, Chartered, Topeka, Kan., for Michael Gretencord.

Michael B. Buser, N. Kansas City, Mo., for Union Pacific R. Co.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on the dismissal and summary judgment motions of defendant Michael Gretencord (hereinafter "Gretencord"). Gretencord contends in his motion to dismiss that the court does not have subject matter jurisdiction over the claim asserted against him. The plaintiff, James Tersiner (hereinafter "Tersiner"), claims that the court has pendent jurisdiction over his claim against this defendant. In the motion for summary judgment, Gretencord contends that plaintiff has failed to make a prima facie showing of a breach of duty and proximate or legal causation—two elements essential to establishing actionable negligence on the part of Gretencord. For the reasons stated below, we deny defendant's motions.

## I. STATEMENT OF FACTS

Plaintiff, a trackman for Union Pacific Railroad Company (hereinafter "Union Pacific"), instituted an action under the Federal Employers' Liability Act (hereinafter "FELA"), 45 U.S.C. § 51 *et seq.*, against his employer, and requests that the court exercise pendent jurisdiction over defendant Gretencord. Gretencord owns and operates Penn's Apco service station in Garnett, Kansas. Tersiner was working on railroad tracks in the vicinity of Garnett during the summer of 1987. On July 23, 1987, at approximately 8:15 a.m., plaintiff and other members of his work crew arrived at the defendant's station. Tersiner and a co-worker, Craig Thompson (hereinafter "Thompson"), proceeded to Gretencord's "ice house," a refrigerated semi-trailer, to pick up some ice, pursuant to their job duties.

Defendant's patrons enter the ice house through a door on the side of the trailer by climbing several steep, corrugated metal stairs leading up to a dock. Plaintiff stood on a wooden pallet at the foot of the dock while Thompson entered the structure to retrieve some ice. Gretencord had placed the pallet at the base of the dock so his customers could avoid stepping in a muddy area immediately adjacent to the dock. Boards or slats on the pallet were separated by spaces ranging from 2¾ to 3½ inches. While Tersiner was reaching for a bag of ice on the dock, he caught his foot between the slats in the pallet and fell backward. Plaintiff claims that he sustained injuries to his right shoulder that required hospitalization and medical treatment, including surgery, physical therapy, and medication.

## II. STANDARDS GOVERNING MOTION TO DISMISS

■■■ The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. SUMMARY JUDGMENT STANDARDS

■■■ In considering a motion for summary judgment, the court must examine all the evidence in a light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record which demonstrate the absence of material fact. *Id.* at 323, 106 S.Ct. at 2552.

■■■ Once the moving party meets these requirements, the burden shifts to the party resisting the motion, who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis added). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleading." *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

## IV.  PENDENT JURISDICTION

■ Defendant Gretencord argues that the court does not have subject matter jurisdiction over claims asserted against him by Tersiner.  It is undisputed that Tersiner and Gretencord are both citizens of Kansas and that the claim plaintiff asserts against this defendant is non-federal in nature.  Plaintiff contends that the controversy between him and Gretencord as well as the dispute between him and the Union Pacific "derive from a common nucleus of operative facts," and that, if considered "without regard to their federal or state character," the entire case "would normally be joined" in one judicial proceeding.

■ The analysis dictated by the line of Supreme Court cases, beginning with *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and developed in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), by which the court must determine whether it may exercise pendent party jurisdiction, is a two-step process.  First, the court must decide whether it has the constitutional power to decide plaintiff's lawsuit against the third-party defendant.  Under *Gibbs*, this authority exists, as the plaintiff has correctly pointed out, if the state and federal claims "derive from a common nucleus of operative fact;" if, considered "without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding;" and if the federal issues are "substantial." *United Mine Workers v. Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138.

Plaintiff was injured while performing his job duties for Union Pacific on Gretencord's premises.  While performing these duties, Tersiner was standing on a pallet from which he fell backward and allegedly injured his shoulder.  He claims that his employer failed to provide him with a safe place to work and that Gretencord breached an ordinary duty of care and an obligation to warn him of known dangers.  It is obvious to the court that this controversy derives from a common nucleus of operative facts.  Plaintiff's claim against both defendants grows out of one injury and one chain of events leading to that injury.  We are also convinced that it should be tried in one judicial proceeding, regardless of its federal or state character.  Since there is no question at this point of the "substantiality of the federal issue," it follows that we have the authority, in a constitutional sense, to hear plaintiff's claim against Gretencord.

The second question is whether examination of the specific statute that confers jurisdiction upon the federal courts suggests that Congress expressly or by implication negated the exercise of jurisdiction over non-federal claims asserted by a plaintiff.  *See Aldinger v. Howard, supra,* 427 U.S. at 16–19, 96 S.Ct. at 2421–23; *Owen Equip. & Erection Co. v. Kroger, supra,* 437 U.S. at 373, 98 S.Ct. at 2402.  We can perceive no such congressional intent, explicit or implicit, in the statutory provision conferring FELA jurisdiction.  On the contrary, it was "the clear intent of Congress to give an FELA plaintiff untrammeled choice between state and federal jurisdictions." *DeMaio v. Consol. Rail Corp.,* 489 F.Supp. 315, 316 (S.D.N.Y.1980).

> Congress created concurrent jurisdiction over FELA in the federal and state courts and, thereby, allowed a plaintiff to choose the forum in which she would bring her action.  *See* 45 U.S.C. § 56.  The purpose of providing the option of a federal forum was to foster a nationwide and uniform system of liberal remedial rules.  It is entirely consistent with this congressional policy to permit plaintiff to try [his or] her entire controversy in a federal forum rather than make that option less desirable by requiring an essentially unitary litigation to be tried in two courts.

*Philipson v. Long Island R.R.,* 90 F.R.D. 644, 645 (E.D.N.Y.1981) (citations omitted).  *See also Shogren v. Chicago, Milwaukee,*

*St. Paul and Pacific R.R. Co.*, 630 F.Supp. 233, 234 (D.Minn.1986) (district court exercised pendent party jurisdiction over third-party defendant in personal injury action brought against railroad under FELA). Given the purpose for which concurrent jurisdiction over FELA was created, the court's refusal to hear the entire controversy in the case at bar would make the federal courts less attractive, and thus be contrary to Congress' intent. After carefully considering the parties' arguments, we believe it is appropriate under these circumstances for the court to exercise pendent party jurisdiction in the interests of judicial economy, convenience and fairness to the litigants.

## V. PRIMA FACIE SHOWING OF NEGLIGENCE

▮▮▮ In a negligence case, the plaintiff must establish a duty of reasonable care owed by the defendant to the plaintiff, a breach of that duty, damage to the plaintiff, and a causal connection between the duty breached and the damage sustained. *Durflinger v. Artilles*, 234 Kan. 484, 488, 673 P.2d 86, 91 (1983). Defendant argues that plaintiff has failed to make a prima facie showing of any facts from which the court might discern that Gretencord breached a duty or proximately caused plaintiff's injuries as a matter of law. The occasions are extremely rare where a court is justified in taking the case from a jury and deciding the questions of negligence and proximate cause as a matter of law. *Schenck v. Thompson*, 201 Kan. 608, 617, 443 P.2d 298, 307 (1968).[1] These issues, however, may be decided by the court when all of the evidence upon which a party relies is undisputed and susceptible of only one inference. *Union Pacific R.R. Co. v.*

*Gen. Foods Corp.*, 654 F.Supp. 1074, 1078 (D.Kan.1987).

### A. Duty of Care

▮▮▮ The possessor of premises on which an invitee enters owes a duty to use reasonable and ordinary care for the safety of invitees. *Gould v. Taco Bell*, 239 Kan. 564, 567, 722 P.2d 511, 514–15 (1986). An "invitee" is a person who enters or remains on premises for the benefit of the inviter, or for mutual benefit and advantage of both inviter and invitee. *Calvert v. Garvey Elevators, Inc.*, 236 Kan. 570, 573, 694 P.2d 433, 437 (1985). In the instant case, Tersiner entered Gretencord's premises, Penn's Apco, to purchase ice from defendant for members of a railroad work crew. Gretencord obviously derived some financial benefit from plaintiff's presence on his premises. Tersiner was therefore an invitee.

Tersiner claims that Gretencord had a duty to render the pallet from which plaintiff fell a reasonably safe platform upon which to stand while filling containers with ice. Plaintiff contends that the pallet was defective because the spacing of boards on the pallet was such that a person's foot could slip between the boards and cause that person to trip. Tersiner adds that this defect was not readily apparent to patrons who were on the pallet and that the only alternatives to standing on the pallet were to stand in mud next to the dock or carry bags of ice down steep, narrow stairs that were not bordered by guard rails. Plaintiff also states that Gretencord knew that patrons relied on the pallet for support when they carried ice away from the dock.

Given these facts, we believe that the evidence upon which the parties rely is certainly susceptible of more than one inference, and thus must be passed upon by

---

**1.** Negligence actions are seldom an enclave for trial judge finality. Such cases can rarely be disposed of by summary judgment, even where historical facts are concededly undisputed, because of "the peculiarly elusive nature of the term 'negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence." *Gauck v. Meleski*, 346 F.2d 433, 437 (5th Cir.1965). *See also Hughes v. Am. Jawa, Ltd.*, 529 F.2d 21, 23

(8th Cir.1976) (tort actions usually not appropriate for disposition by summary judgment because such actions generally encompass multitude of factual issues and abstract concepts that become elusive when applied to varying concrete factual circumstances); *Barron v. Honeywell, Inc.*, 69 F.R.D. 390, 392 (E.D.Pa.1975) (summary judgment rarely appropriate for negligence cases because application of reasonable person standard normally requires full exposition of all underlying facts and circumstances).

the trier of facts. The court is convinced that sensible men and women could reach different conclusions as to the reasonableness of defendant's conduct. Looking at the facts in a light most favorable to plaintiff, we cannot conclude that Gretencord exercised a reasonable and ordinary degree of care in providing his patrons with a surface upon which to stand while they retrieved ice from his premises. The court is convinced after giving Tersiner the benefit of all favorable inferences that defendant's duty, as a matter of law, included warning and protecting business invitees from falling between the boards on the pallet. The pallet appears to have been the most convenient place to stand when one picked up ice from defendant's dock.

### B. Proximate Cause

Gretencord argues that plaintiff has failed to make a prima facie showing that defendant's negligence was the proximate cause of Tersiner's alleged injuries and damages. In order for a plaintiff to recover in a negligence action, the defendant's breach of duty must be the actual and proximate cause of injury. *Baker v. City of Garden City*, 240 Kan. 554, 557, 731 P.2d 278, 280 (1987); *George v. Breising*, 206 Kan. 221, 225, 477 P.2d 983, 986 (1970). The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act. *Wilcheck v. Doonan Truck & Equip., Inc.*, 220 Kan. 230, 235, 552 P.2d 938, 942–43 (1976); *Elliott v. Chicago, R.I. & Pac. R.R. Co.*, 203 Kan. 273, 284, 454 P.2d 124, 133–34 (1969).

Tersiner claims that Gretencord acted wrongfully and proximately caused his injuries and damages by placing a pallet at the base of his dock which had enough space between the wooden planks for a patron's foot to fall between them. We believe that the evidence relied on by the parties with regard to causation is also susceptible to more than one inference and therefore must be submitted to a jury.

Moreover, the facts, when construed in favor of the nonmoving party, suggest that plaintiff's fall and alleged injuries are the "natural and probable consequence" of Tersiner's foot being caught between the boards on the pallet. We are convinced at this stage of the litigation that plaintiff has a viable cause of action based on negligence. Accordingly, Tersiner may proceed to trial against Gretencord on these grounds. The court will deny defendant's motion for summary judgment.

IT IS THEREFORE ORDERED that defendant Gretencord's motion to dismiss is hereby denied.

IT IS FURTHER ORDERED that defendant Gretencord's summary judgment motion is denied.

IT IS FURTHER ORDERED that the motions of defendant Gretencord and plaintiff Tersiner for oral argument are denied.