Ozie B. SHIELDS, Jose A. Quiones and
Abimael Ramos, Plaintiffs,

v.

CONSOLIDATED RAIL CORPORATION,
C & A Carbone Private Sanitation Inc.
and Angelo P. Fucci, Defendants.

No. 81 Civ. 4204 (CBM).

United States District Court,
S. D. New York.

Dec. 3, 1981.

Brobyn, Forceno & Arangio by Kenneth F. Carobus, Philadelphia, Pa., for plaintiffs.

Walker & Bailey by Lawrence R. Bailey, Jr., New York City, for defendant Consol. Rail Corp.

Lester, Schwab, Katz & Dwyer by Steven J. London, New York City, for defendant C & A Carbone Private Sanitation Inc.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

This action arose out of an automobile accident in which a truck owned by defendant C & A Carbone Private Sanitation Inc. (Carbone), driven by defendant Angelo P. Fucci (Fucci), collided with a truck owned by Consolidated Rail Corporation (Conrail). The accident occurred in New Jersey. At the time of the accident, plaintiff Ozie B. Shields (Shields), an employee of Conrail, and the two other plaintiffs, were riding in the Conrail truck. Carbone has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

The complaint alleges two causes of action. The first cause of action is against Conrail and arises under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. The second cause of action is against defendants Carbone and Fucci. It alleges negligence in the operation of the truck and arises under state law.

Plaintiff Shields and defendants Fucci and Carbone are all New York citizens. The two other plaintiffs are residents of New Jersey. Defendant Conrail is a Pennsylvania corporation registered to do business in New York and New Jersey. The complaint alleges diversity jurisdiction under 28 U.S.C. § 1332 for the claims of plaintiffs Quiones and Ramos against Carbone and Fucci. The complaint alleges that jurisdiction of Shields' state law claim against Carbone and Fucci "is granted by 28 U.S.C. § 1331 under the doctrine of pendent jurisdiction" (Complaint ¶ 3). In their memorandum in opposition to Carbone's motion to dismiss, plaintiffs argue that this court would also have "ancillary jurisdiction" over Shields' claims against Carbone because Conrail had brought a proper cross-claim against Carbone.

▮ This court has concluded that there is no factual or legal basis for the assertion of subject matter jurisdiction over the non-diverse defendants, Carbone and Fucci. It is uncontested that the claim against Carbone and Fucci is one arising under state law and that plaintiff Shields and defendants Carbone and Fucci are all New York citizens. Contrary to plaintiffs' assertions, the doctrine of pendent jurisdiction does not extend to confer jurisdiction over a *party* over whom no independent basis of federal jurisdiction exists. Rather, this doctrine refers only to the joinder of a state *claim* with a federal claim already properly before the court brought by parties properly before the court. More specifically, it does not operate to establish subject matter jurisdiction over a non-diverse party on a purely state law claim. *Aldinger v. Howard*, 427 U.S. 1, 14, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976).

▮ Plaintiffs likewise can not avail themselves of the doctrine of ancillary jurisdiction. While ancillary jurisdiction may be used by a defendant to assert a cross-claim against a co-defendant already properly before the court when there is no inde-

pendent jurisdictional basis for the cross-claim, it does not operate to create jurisdiction for a plaintiff's principal claim against a non-diverse defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The non-diverse defendant must, in the first instance, be properly before the court on independent jurisdictional grounds. No such grounds exist here as to defendants Carbone and Fucci.

■ The fact that Conrail has already asserted cross-claims against Carbone does not alter this result. As Carbone has not yet made a general appearance, the cross-claims asserted against it are, in effect, a nullity. Conrail may, of course, serve a third party summons and complaint against Carbone and Fucci, and this court would have ancillary jurisdiction over that claim. Even in that event, however, plaintiffs could not amend their complaint to assert a claim directly against Carbone or Fucci. *Owen Equipment & Erection Co. v. Kroger, supra.* As is the case now, the lack of complete diversity between plaintiffs and defendants Carbone and Fucci would be fatal to the assertion of such a claim.

Defendant Fucci has not yet been served in this action and thus has not joined in Carbone's motion to dismiss. It should be noted, however, that this court's decision with respect to Carbone would apply with equal force to Fucci, for both are New York residents and thus non-diverse defendants.

Accordingly, Carbone's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

The next pre-trial conference in this case will be held on December 18, 1981, at 2:45 P.M. in Courtroom 906.

SO ORDERED.