**IRVING TRUST COMPANY, Plaintiff,**

v.

**BANK OF INDIA and State Bank of India, Defendants.**

**No. 81 Civ. 3799.**

United States District Court,
S.D. New York.

March 30, 1983.

Morton Zuckerman, Dunn & Zuckerman, New York City, for defendant State Bank of India.

Jennifer Freeman, Shearman & Sterling, New York City, for defendant Bank of India.

ROBERT J. WARD, District Judge.

Defendant State Bank of India ("State Bank") moves, pursuant to Rule 12(b), Fed. R.Civ.P., for an order dismissing the cross-claim brought against it by defendant Bank of India ("BI"), on the ground that the Court lacks subject-matter jurisdiction over the cross-claim. Alternatively, State Bank moves to dismiss the cross-claim on the ground of *forum non conveniens*. For the reasons hereinafter stated, the motion is denied in its entirety.

## BACKGROUND

BI and State Bank are banks created under the laws of India, and both are agencies or instrumentalities of that state. However, the two are completely separate, unaffiliated banking entities. The present action relates to a letter of credit in the amount of $624,000 which was opened by State Bank in Bombay. Pursuant to the terms of the letter of credit, Irving Trust Company ("Irving") in New York was authorized by State Bank to pay any claim made by a negotiating bank for reimbursement with respect to the letter of credit, and to debit accordingly an account which State Bank maintained with Irving.

The Singapore office of BI, acting as negotiating bank, took possession of the documents presented under the letter of credit, forwarded them to State Bank, and instructed Manufacturers Hanover Trust Company of New York ("MHT") to claim reimbursement from Irving on BI's behalf. Subsequently, a dispute arose between BI and State Bank with regard to alleged discrepancies in the documents that had been forwarded by BI to State Bank. Therefore, when Irving received MHT's claim for reimbursement on behalf of BI, State Bank denied Irving's request for permission to pay.

Approximately two and a half months later, however, Irving paid the claim by mistake and debited State Bank's account. Realizing its error, Irving reversed the debit and demanded that BI return the payment which had been made. BI refused the request, contending that no discrepancies existed in the required documentation and that the payment had not been made erroneously.

Irving then filed suit in this Court, arguing, in the alternative, that either BI or State Bank had been unjustly enriched, and seeking to recover $624,785. Both defendants moved for dismissal on *forum non conveniens* grounds, maintaining that New York was not the appropriate place to resolve this dispute. On February 23, 1982, the Court denied those motions to dismiss. Analyzing the various public and private

interest factors, the Court held that defendants had failed to demonstrate that the balance of conveniences weighed heavily in favor of an alternative forum.

State Bank and BI filed their answers to the complaint on March 3, 1982 and March 17, 1982, respectively. In its answer, BI asserted a cross-claim against State Bank, alleging that if BI were found liable to Irving, then State Bank should be liable over to BI. State Bank responded by filing the instant motion to dismiss BI's cross-claim.

## DISCUSSION

Rule 13(g), Fed.R.Civ.P., provides:

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

It is difficult to imagine a cross-claim that falls more squarely within Rule 13(g) than the one asserted here by BI against State Bank. This cross-claim clearly arises out of the transaction or occurrence that is the subject matter of the original action; indeed, it virtually restates one of BI's defenses to the complaint—that payment was justified because the documents conformed to the terms of the letter of credit. Alternatively, BI's cross-claim can be characterized as a "claim over", which is specifically addressed in the second sentence of Rule 13(g).

Despite the obvious propriety of BI's cross-claim, State Bank has moved to dismiss it on a confused variety of grounds. State Bank's arguments in support of dismissal, in their logical rather than actual order, appear to be that (1) the Court does

not have ancillary jurisdiction over a cross-claim that might be adjudicated in federal rather than in state court; (2) the Court does not have subject matter jurisdiction over a cross-claim between two aliens; (3) the Foreign Sovereign Immunities Act[1] ("FSIA") bars the cross-claim; (4) the cross-claim is non-justiciable because it is a dispute between two agencies or instrumentalities of the same sovereign state; (5) certain provisions of Indian law bar the Court's adjudication of this controversy; and (6) the doctrine of *forum non conveniens* mandates dismissal of the cross-claim from this forum. The Court will address each of these arguments in turn.

■ It is axiomatic that "ancillary jurisdiction may be used by a defendant to assert a cross-claim against a co-defendant already properly before the court when there is no independent jurisdictional basis for the cross-claim ...", *Shields v. Consolidated Rail Corp.*, 530 F.Supp. 400, 401–02 (S.D.N.Y.1981), *citing Owen-Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). *See also Consolo v. Federal Maritime Commission*, 383 U.S. 607, 617 n. 14, 86 S.Ct. 1018, 1025 n. 14, 16 L.Ed.2d 131 (1966). Ancillary jurisdiction

allows a district court once it has acquired jurisdiction over a case or controversy to decide matters incident to the main claim *which otherwise could not be asserted independently.* It is invoked to avoid piecemeal litigation which might occur due to irreconcilability between article III limits on jurisdiction and the permissive rules of joinder adopted by the Federal Rules of Civil Procedure....

*Federman v. Empire Fire and Marine Insurance Co.*, 597 F.2d 798, 810 (2d Cir.1979) (citation omitted) (emphasis added). Against these broad principles, the Court is aware of no authority for the proposition that ancillary jurisdiction cannot be maintained over a proper cross-claim which, because of the FSIA,[2] could be adjudicated in a federal forum were it asserted as an

---

1. 28 U.S.C. §§ 1330, 1332(a)–1332(a)(4), 1391(f), 1441(d), and 1602–11.

2. 28 U.S.C. § 1330(a) provides that

independent claim. Thus, the Court finds State Bank's first argument to be wholly without merit.

■ Because the instant cross-claim is asserted by one alien against another, State Bank's second argument is the jurisdictional issue more directly apposite, as a factual matter, to the present situation. That argument relies on *Verlinden B.V. v. Central Bank of Nigeria,* 647 F.2d 320 (2d Cir.1981), *cert. granted,* 454 U.S. 1140, 102 S.Ct. 997, 71 L.Ed.2d 291 (1982).[3] In *Verlinden,* the Second Circuit held that federal jurisdiction was lacking over a suit by one alien against another that was not based on an issue of federal law. However, it was not a situation in which a cross-claim was even asserted or at issue, and the question of ancillary jurisdiction did not arise. Thus, the only relevance of *Verlinden's* holding to the present case is that BI's cross-claim against State Bank would not fall within the Court's diversity jurisdiction were it maintained as a separate action, because the diversity jurisdiction of the federal courts does not extend to actions between aliens. As discussed earlier, the very essence of ancillary jurisdiction is that a court will hear a claim which alone would have no independent jurisdictional basis. In sum, the Court concludes that *Verlinden* does not present a bar to the Court's assuming jurisdiction over a proper cross-claim such as the one presented here.[4]

■ State Bank's remaining arguments may be disposed of summarily. It is unclear to the Court whether State Bank is arguing that the FSIA is itself a bar to BI's cross-claim. Such an argument, of course, would be incorrect: both State Bank and BI are agencies or instrumentalities of India which carry on commercial business at their places of business in New York. As such, neither has even tried to raise the affirmative defense of the FSIA in its answer.[5]

■ State Bank's argument that BI's cross-claim is non-justiciable because it is a dispute between two agencies or instrumentalities of the same sovereign state also fails. Aside from the fact that there is not a complete unity of ownership between the two institutions, the Court found in its earlier decision that "the two are completely separate, unaffiliated banking entities."

(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

The Court observes that the above jurisdictional grant is not an exclusive one. *See* 28 U.S.C. § 1605(a). Thus, State Bank is really arguing that ancillary jurisdiction cannot be maintained over a cross-claim that *might* be—but does not need to be—brought in a federal forum.

3. *Verlinden* is currently *sub judice* in the United States Supreme Court. Because this Court finds that *Verlinden* does not control the present situation, that case's continued validity has no bearing on today's decision.

4. Another court has essentially assumed such a rule. *Federal Republic of Germany v. Elicofon,* 536 F.Supp. 813 (E.D.N.Y.1978). This is a fascinating case involving the ownership rights to two priceless Duerer art works. In a decision on various motions, that court found that a particular cross-claim asserted by an alien against a foreign government was an improper cross-claim under Rule 13(g) because that claim—for the payment of annuities due under a particular agreement—was wholly independent of the main claim. The court then observed in a footnote that "[c]ross-claims under Rule 13(g) fall within the ancillary jurisdiction of the court and need not present independent grounds of federal jurisdiction", and continued in text that because "the diversity jurisdiction of the federal courts does not extend to actions between aliens, ... the cross-claim cannot be treated as an independent action and, there being no subject matter jurisdiction, must be dismissed." *Federal Republic of Germany v. Elicofon, supra,* 536 F.Supp. at 824 & n. 15. Implicit in this exposition is the notion that a *proper* cross-claim—even a cross-claim asserted by an alien against a foreign government—would fall within the court's ancillary jurisdiction.

The Second Circuit did not reach this question in its affirmance *sub nom Kunstsammlungen Zu Weimar v. Elicofon,* 678 F.2d 1150 (2d Cir. 1982).

5. It is well-established that sovereign immunity is an affirmative defense which must be specially pleaded. *See Verlinden B.V. v. Central Bank of Nigeria, supra,* 647 F.2d at 326 n. 20, and the sources cited therein.

There is no question but that State Bank and BI are real adversaries and that the instant cross-claim presents a live controversy for adjudication.

The Court is equally unpersuaded by State Bank's contention that certain provisions of Indian law bar the Court from entertaining BI's cross-claim. First, the Indian "laws" to which State Bank refers appear to be only administrative instructions—*not* mandatory procedures—for the resolution of disputes in India between public sector enterprises. Second, there is no indication whatsoever that these instructions apply to proceedings brought by third parties outside India concerned with conduct outside India.

Finally, State Bank's *forum non conveniens* argument has no more merit now than it did in State Bank's motion to dismiss brought against Irving. A fuller discussion of the Court's disposition on the application of the *forum non conveniens* doctrine to the facts of this case may be found in its memorandum decision of February 23, 1982.

Accordingly, State Bank's motion to dismiss BI's cross-claim is denied in its entirety. Discovery in both the main litigation and the cross-claim shall be completed by May 30, 1983, and a pre-trial order filed by June 29, 1983.

It is so ordered.