George T. LEE, Plaintiff,

v.

TRANSPORTATION COMMUNICATIONS UNION, Long Island Rail Road, Frank Rizza, Robert Grogan, Mark Paz and Roger Powell, Defendants.

No. CV 90–521 (ADS).

United States District Court,
E.D. New York.

April 10, 1990.

George T. Lee, Wantagh, N.Y., pro se.

David M. Lira, Garden City, N.Y., for defendant Mark Paz.

MEMORANDUM DECISION
AND ORDER

SPATT, District Judge.

The Court is asked to determine whether an employee of the Long Island Railroad

("LIRR") may assert pendent-party jurisdiction over a fellow employee based on state-law claims of assault, battery and intentional infliction of emotional distress in an action brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60, when no independent basis of federal jurisdiction exists. For the reasons that follow, the Court declines to exercise pendent-party jurisdiction with regard to the fellow employee.

## FACTUAL BACKGROUND

Plaintiff George T. Lee ("Lee"), an employee of the LIRR, alleges that from approximately 1987 through 1989, several of his co-employees, including defendant Mark Paz ("Paz"), "at various times struck [him] with objects, pushed, kicked, slapped, and in other ways made forcible and violent contact with" him (Complaint ¶ 8). These individuals also allegedly instilled in Lee the fear of imminent physical harm (see Complaint ¶ 9), as well as made continuous threats to Lee regarding the possibility of him losing his job (see Complaint ¶ 10). These are the only causes of action alleged against defendant Paz, namely for assault, battery and intentional infliction of emotional distress.[1]

In addition to those claims, Lee alleges that these actions were brought to the attention of the appropriate officials of the LIRR, who, by refusing or failing to act, were negligent (see Complaint ¶¶ 13–16). Lee also alleges that other co-employees defamed him (see Complaint ¶¶ 17–19, 24–27), that defendant Transportation Telecommunications Union did not fairly represent him (see Complaint ¶¶ 20–23), and that he was discriminated against on the basis of age (see Complaint ¶ 28).

Federal court jurisdiction over this action is predicated solely on the FELA, 45 U.S.C. § 56, as well as pendent jurisdiction over the state-law claims of defamation, assault, battery and intentional infliction of emotional distress. There is no claim of diversity of citizenship.

Paz makes this motion to dismiss under Fed.R.Civ.P. 12(b) on the ground that no action lies against a co-employee under the FELA.[2] Additionally, Paz seeks the imposition of sanctions under Rule 11.

## DISCUSSION

At the outset, the Court must first determine whether there exists subject matter jurisdiction over Lee's claims against Paz in this action brought under the FELA (see Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n, 896 F.2d 674, 678 [2d Cir.1990]). There being no claim of diversity, the question presented is whether there is either federal question or pendent jurisdiction as a basis for the Court to entertain the action.

### (a) Jurisdiction Under the FELA.

The FELA provides, in relevant part, that "[e]very *common carrier by railroad* ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier" (45 U.S.C. § 51 [emphasis supplied]). Thus, if a co-worker negligently injures another, by the express terms of the statute the employer, in this case the LIRR, is liable.

1. Although in the *ad damnum* clause of the complaint plaintiff seeks damages from Paz for "assault" and "intentional infliction of emotional distress" only, the Court notes that the allegations contained in the complaint constitute the tort of battery as well.

2. In opposition to this motion, Lee apparently concedes that the statute of limitations has run on his claims against Paz on acts that occurred prior to March 1989, but contends that even if barred, they "can still be proved by the plaintiff to demonstrate the Long Island Rail Road's neg-

ligence under the Federal Employers' Liability Act" (Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss at p. 2). It is not clear from the complaint, however, how many acts *after* March, 1989, if any, Paz is alleged to have done that are the subject of this action. In any event, Paz does not raise the defense of statute of limitations as a ground for dismissal in the instant motion under Fed.R.Civ.P. 12(b). Accordingly, the Court does not consider that defense at this time.

■ Apart from the express language of the statute, it is well settled that the "fellow-servant" doctrine has been abrogated by the FELA "by placing the negligence of a co-employee upon the same basis as the negligence of the employer" (*Chesapeake & Ohio Ry. Co. v. De Atley*, 241 U.S. 310, 313, 36 S.Ct. 564, 565, 60 L.Ed. 1016 [1916]). In an effort to avoid suits between co-workers, Congress has provided a remedy to an injured employee of a "common carrier by railroad", by imposing liability upon the employer based on the doctrine of *respondeat superior*. Thus, even though the statute renders a railroad liable for the negligence of its "officers, agents or employees" (45 U.S.C. § 51), the FELA imposes liability only on the railroad, and not its agents or employees (*see Lockard v. Missouri Pac. R.R. Co.*, 894 F.2d 299, 302 n. 8 [8th Cir.1990]).

■ In his third cause of action against the LIRR, Lee alleges that he advised his superiors of the conduct of Paz and other co-workers, which they apparently ignored (*see* Complaint ¶¶ 13–16). Although the LIRR's conduct might be actionable if it can be established that this amounted to negligence within the scope of the FELA,[3] it does not render the co-worker liable under the statute.

Accordingly, Paz is not a proper party defendant under the FELA, and the Court does not have subject matter jurisdiction over the claims asserted against Paz on the basis of a federal question. Thus, in the absence of federal question (*see* 28 U.S.C. § 1331) or diversity (*see* 28 U.S.C. § 1332) jurisdiction, the Court must then determine whether pendent-party jurisdiction is available against a co-employee in an action brought under the FELA.

(b) *Pendent–Party Jurisdiction.*

Although Fed.R.Civ.P. 18(a) expressly permits the joinder of "as many claims" as a party has against another in an action, this rule is not without limitation and is subject to the doctrine of pendent jurisdiction. Rooted in the early Supreme Court decision of *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), the doctrine was later refined in the landmark decision of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). While stressing that the doctrine is one "of discretion, not of plaintiff's right" (*id.* at p. 726, 86 S.Ct. at p. 1139), the Court in *Gibbs* nonetheless held that federal courts have the Article III power to hear state-law claims if, taken together with the federal question providing jurisdiction, "the entire action before the court comprises but one constitutional 'case' " (*id.* at p. 725, 86 S.Ct. at p. 1138). The test is whether "[t]he state and federal claims [ ] derive from a common nucleus of operative fact" (*id.*).

Following *Gibbs*, several courts, including the Second Circuit (*see, e.g., Almenares v. Wyman*, 453 F.2d 1075, 1084–85 [2d Cir. 1971] [Friendly, J.], *cert. denied*, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 [1972]), applied the *Gibbs* analysis to permit the assertion of pendent claims over parties not the subject of the federal claim. This "pendent-party" jurisdiction was addressed by the Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). "Pendent-party" jurisdiction is broader than "pendent-claim" jurisdiction in that the former refers to "the joining of additional *parties* with respect to whom there is no independent basis of federal jurisdiction" (*Aldinger*, 427 U.S. at p. 6, 96 S.Ct. at p. 2416), not simply the joining of

---

**3.** Intentional torts, such as assault by a fellow employee like here, have generally been viewed as outside the scope of the FELA unless the employer is aware of or authorizes the conduct (*see, e.g., Zoccano v. Long Island R.R. Co.*, 65 N.Y.S.2d 32 [Sup.Ct.Kings County 1946], *aff'd*, 272 App.Div. 949, 72 N.Y.S.2d 417 [2d Dep't 1947], *aff'd*, 298 N.Y. 553, 81 N.E.2d 96 [1948]), or negligently retains an employee with violent propensities (*see, e.g., Besta v. Consolidated Rail Corp.*, 580 F.Supp. 869, 870 [S.D.N.Y.1984]).

Further, if the railroad employer is found to have been negligent, and the negligence results in injury to an employee, the *employer* is rendered liable, even if the underlying acts of a co-employee were intentional. *See generally* Annot., *Liability Under Federal Employers' Liability Act For Intentional Tort*, 8 A.L.R.3d 442 (1966 & Supp.1989) (overview of liability of employer railroad under FELA for injuries sustained by employee from co-employee's intentional torts).

additional *claims* between parties already subject to federal jurisdiction.

Although *Aldinger* affirmed the dismissal of the pendent claims asserted there, the Court nevertheless indicated that in determining whether pendent-party jurisdiction is available, the district court must look to whether Congress expressly or impliedly negated the exercise of federal jurisdiction in the statute providing the basis for the action (*see id.* at p. 18, 96 S.Ct. at p. 2422).

The reach of this doctrine, however, has been significantly curtailed in light of the recent Supreme Court decision of *Finley v. United States*, —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which held that pendent-party jurisdiction is not available in actions brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). In restricting the scope of pendent-party jurisdiction, the Court concluded that it is only available when the primary claim is brought under a federal statute affirmatively granting such jurisdiction (*see Finley*, 109 S.Ct. at p. 2009).

Although the Second Circuit in a decision post-*Finley* noted that "pendent-party jurisdiction apparently is no longer a viable concept" (*Staffer v. Bouchard Transp. Co.*, 878 F.2d 638, 643 n. 5 [2d Cir.1989]), after applying the *Finley* standard, it recently held that "pendent party jurisdiction is available in the unique area of admiralty" (*Roco Carriers, Ltd. v. M/V Nurnberg Express*, 899 F.2d 1292, 1297 [2d Cir. 1990]).

■ Accordingly, in order to determine whether the Court may properly exercise pendent-party jurisdiction over a defendant solely on the basis of state-law claims, a three-step analysis must be undertaken: (1) whether the court has the Article III power under *Gibbs* to exercise jurisdiction over the claims; (2) whether, under *Finley* and *Aldinger*, the relevant statutory language provides a basis for extending jurisdiction by specifically or affirmatively conferring it over claims against the additional parties; and, (3) whether the Court should exercise its discretion in light of judicial economy, fairness and convenience to the parties under *Gibbs*.

■ Here, the claims against Paz clearly derive from a "common nucleus of operative facts", but under any interpretation, the language of the FELA cannot be read to specifically or affirmatively confer pendent-party jurisdiction over additional parties "not named in any claim that is independently cognizable by the federal court" (*Finley*, 109 S.Ct. at p. 2006). In fact, as discussed above (*see supra* at pp. 579–80), the FELA contains a limitation on the particular category of parties that may be sued, namely the railroad and not its agents or employees. Thus, while the courts in this Circuit were split pre-*Finley* on whether pendent-party jurisdiction was available in an action brought under the FELA (compare *Madarash v. Long Island R.R. Co.*, 654 F.Supp. 51, 54 [E.D.N.Y.1987] [yes]; *De Maio v. Consolidated Rail Corp.*, 489 F.Supp. 315, 316 [S.D.N.Y.1980] [yes]; with *Shields v. Consolidated Rail Corp.*, 530 F.Supp. 400, 401 [S.D.N.Y.1981] [no] ), in this Court's view, *Finley* has cast serious doubt as to the validity of such joinder.

The Second Circuit has yet to rule post-*Finley* on the issue of whether or not a federal district court may assert pendent-party jurisdiction in an action brought under the FELA. However, in a recent decision rendered by the Eighth Circuit, cited by the Second Circuit in *Roco Carriers, supra*, it was held that under *Finley*, "pendent party jurisdiction is not authorized by the FELA" (*Lockard v. Missouri Pac. R.R. Co.*, 894 F.2d 299, 302 [8th Cir.1990] ). In applying the principles enunciated in *Finley*, the *Lockard* court reviewed the express language of the FELA and held:

"It is clear from this language that the FELA accomplishes in two steps what the FTCA accomplishes in one: a grant of jurisdiction over claims involving particular parties, in this case FELA claims against railroads. Therefore, *Finley's* holding that such a jurisdictional grant 'does not itself confer jurisdiction over additional claims by or against different

**582**

parties,' 109 S.Ct. at 2006, is equally applicable under the FELA."

(894 F.2d at p. 302.)

In addition, the Second Circuit in *Roco Carriers* reviewed and compared the relatively few cases decided "in the wake of *Finley*" (899 F.2d at p. 1296), including *Lockard,* and concluded that "[t]he admiralty jurisdictional statute does not contain a limitation as to a certain category of parties, *as does the FTCA and the FELA*" (*id.* at p. 1296 [emphasis supplied]). The court in *Roco Carriers* also observed that in light of *Finley,* "the continued viability of the doctrine of pendent party jurisdiction *in any context* is seriously in question" (*Roco Carriers,* at p. 1295 [emphasis supplied]).

Accordingly, based upon the express language of the statute, and upon the persuasive authority of *Lockard* and the Second Circuit's recent *dicta* expression in *Roco Carriers,* this Court is of the view that pendent-party jurisdiction is unavailable in actions brought under the FELA. Accordingly, Paz' motion to dismiss the complaint is granted.[4]

In dismissing the complaint against Paz, this Court makes no determination with regard to the maintenance of an action in the state court by Lee on his tort claims against Paz. The Court further notes that Lee had the option of bringing this action in state or federal court since the FELA expressly provides for concurrent jurisdiction (*see* 45 U.S.C. § 56).

(c) *As to Sanctions.*

In light of the unsettled nature and recent developments in the law of pendent-party jurisdiction, it would be improper to impose Rule 11 sanctions upon Lee.

## CONCLUSION

Based upon the foregoing, Paz' motion to dismiss the complaint is granted, and his

4. Paz makes this motion to dismiss pursuant to Fed.R.Civ.P. 12(b). It is unclear from the papers, however, whether he is invoking subdivision (1) (lack of subject matter jurisdiction) or subdivision (6) (failure to state a claim). In any event, the Court bases this dismissal on lack of subject matter jurisdiction, since the Court is

application for the imposition of sanctions is denied.

SO ORDERED.

under a "duty" to consider whether federal jurisdiction is properly asserted in the case (*see Republic of the Philippines v. Marcos,* 806 F.2d 344, 352 [2d Cir.1986]), which must be considered before any other challenges (*see Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n,* 896 F.2d 674, 678 [2d Cir.1990]).