**Marshall MAZYCK, Plaintiff,**

v.

**LONG ISLAND RAILROAD COMPANY (LIRR), Gregory Staff, Richard Staff and Alan Scott, Defendants.**

No. 88–CV–1855 (JS).

United States District Court, E.D. New York.

May 24, 1996.

Kranz, Davis & Hersh by Nancy D. Wigler, Hauppauge, NY, for Plaintiff.

Shaub, Ahmuty, Citrin & Spratt by Steven J. Ahmuty, Jr., Lake Success, NY, Marvin Kornberg, Joseph A. Faraldo, Kew Gardens, NY, for Defendants.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

In the instant action brought by plaintiff Marshall Mazyck under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, two post-verdict motions are pending before the Court. First, defendant Long Island Railroad Company (LIRR) moves for reargument of the Court's Memorandum and Order dated August 21, 1995 insofar as it seeks to discount to present value the jury's award for future pain and suffering, as modified by this Court upon remittitur. Second, the Court having raised this issue *sua sponte*, individual defendants Richard Staff and Alan Scott move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the plaintiff's complaint against them for lack of subject matter jurisdiction.

The reader is referred to the Court's prior written decisions in this action dated April 28, 1995 and August 21, 1995 respectively, familiarity with which is assumed.[1]

## DISCUSSION

### I. Defendant LIRR's Motion for Reargument

Defendant LIRR moves for an order, pursuant to Local Civil Rule 3(j) of the Eastern District of New York, granting reargu-

---

1. The Court's Memorandum and Order dated August 21, 1995 is reported at 896 F.Supp. 1330 (E.D.N.Y.1995).

ment of so much of the LIRR's prior motion as sought a remittitur, and upon such reargument, discounting the award for future pain and suffering, as reduced in the Court's Memorandum and Order dated August 21, 1995, to present value at the rate of 2% per annum over 36 years.

In its Memorandum and Order dated August 21, 1995, this Court held that the maximum sustainable award for future pain and suffering is $130,500.00, and ordered the plaintiff to remit $306,432.80 or face a new trial on the issue of his future pain and suffering.[2] *See* Mem. and Order dated Aug. 21, 1995, 896 F.Supp. at 1338. The amount of the remittitur represents the difference between the discounted present value of the jury's award for future pain and suffering, as per a stipulation entered into by counsel ($436,932.80), *see id.* at 1331, and the maximum sustainable award for future pain and suffering as determined by the Court ($436,932.80 − $130,500.00 = $306,432.80). *See id.* at 1338. The Court arrived at the $130,500.00 figure for future pain and suffering upon concluding that the evidence presented at trial was unable to sustain an award for future pain and suffering in excess of 60% of the amount awarded by the jury for plaintiff's pain and suffering *through the date of the verdict* ($217,500.00). *See id.* ($217,500.00 × 60% = $130,500.00). The $217,500.00 figure constitutes a present value amount.

Defendant LIRR argues that the award of $130,500.00 for future pain and suffering is *undiscounted* for present value, and that this amount now must be discounted at a rate of 2% over the next 36 years. The defendant's argument is without merit, because, as demonstrated above, this award was computed by the Court solely on the basis of present value amounts. To the extent that the Court's language and expression as set forth in its Memorandum and Order may be construed to be ambiguous, the Court hereby states for the record that the maximum sustainable award of $130,500.00 for future pain and suffering, as set forth in its Memorandum and Order dated August 21, 1995, is a present value sum employing a 2% discount rate and a term of 36 years (the number of years determined by the jury). Accordingly, defendant LIRR's motion for reargument is denied.[3]

## II. Pendent–Party Jurisdiction under the FELA

■ In its Memorandum and Order dated August 21, 1995, the Court raised *sua sponte* the issue of whether it possesses subject matter jurisdiction in this FELA action over the plaintiff's state-law claims against individual defendants Gregory Staff, Richard Staff and Alan Scott, and instructed the parties to brief this issue. In accordance with the Court's instructions, individual defendants Richard Staff and Alan Scott have filed a motion to dismiss the complaint, to which responses have been submitted by plaintiff Marshall Mazyck and defendant LIRR.[4]

Upon consideration of the parties' briefs and the applicable law, the Court concludes that the assertion of pendent-party jurisdiction over plaintiff's claims against the individual defendants is precluded by the Supreme Court's decision in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). In *Finley,* the Supreme Court held that in order for subject matter jurisdiction to obtain over defendants with respect to which there is no independent basis for federal jurisdiction (i.e., pendent-party defendants), such jurisdiction must "be explicitly conferred" by the federal jurisdictional statute at issue. *Finley,* 490 U.S. at 556, 109 S.Ct. at 2010. The fact that a cause of action against a non-federal defendant arises from a nucleus of operative fact common to the plaintiff's claims against a federal defendant is insufficient of itself to confer pendent-party jurisdiction. This result obtains be-

---

2. The plaintiff subsequently consented to this remittitur. *See* Docket # 67.

3. Plaintiff's request for costs, disbursements and attorney's fees in connection with this motion likewise is denied.

4. Although individual defendant Gregory Staff has not filed a motion to dismiss this action, the Court nevertheless will consider whether subject matter jurisdiction exists over this defendant. *See* Fed.R.Civ.P. 12(h)(3) (permitting a court to raise issue of subject matter jurisdiction on its own initiative at any time).

cause, although such circumstances satisfy the constitutional requirements of Article III, *see* U.S. Const. art. III, for determining when a non-federal *claim* may be heard by a federal court as part of the same case in controversy, *Finley* holds that absent an explicit jurisdictional authorization *by Congress*, Article III's empowerment of pendent-party jurisdiction remains dormant, and therefore may not be exercised. *See Finley,* 490 U.S. at 549, 109 S.Ct. at 2006–07 (distinguishing *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which did not involve the assertion of jurisdiction over pendent *parties*). Because the language of the Federal Tort Claims Act does not contain an affirmative jurisdictional grant in respect of claims asserted by a plaintiff against a defendant other than the United States, the *Finley* Court concluded that Congress never authorized the assertion of pendent-party jurisdiction. *See Finley,* 490 U.S. at 547, 109 S.Ct. at 2005; *id.* at 556, 109 S.Ct. at 2010–11. The Supreme Court further held that pendent-party jurisdiction is an inflexible doctrine that may not be varied out of convenience to the parties, or for purposes of achieving judicial efficiency. *See id.* at 555–56, 109 S.Ct. at 2010.

The FELA likewise fails to set forth an affirmative jurisdictional grant authorizing a federal court to exercise pendent-party jurisdiction over a non-federal defendant. Specifically, the FELA's jurisdictional statute, 45 U.S.C. § 56, provides in pertinent part:

> Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

45 U.S.C. § 56. The scope of this jurisdictional statute is delineated in 45 U.S.C. § 51, which provides, in pertinent part, that

> [e]very common carrier by railroad while engaging in commerce ... shall be liable in damages to [its employees who are injured] ... in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. Similar to the Federal Tort Claims Act, the FELA does not contain an affirmative jurisdictional grant authorizing a federal court to adjudicate claims brought by a plaintiff against a defendant other than a railroad with which the plaintiff was employed at the time of the incident in question. *See Lockard v. Missouri Pac. R.R.,* 894 F.2d 299, 301–02 (8th Cir.) (the FELA does not authorize pendent-party jurisdiction), *cert. denied,* 498 U.S. 847, 111 S.Ct. 134, 135, 112 L.Ed.2d 102 (1990); *Lee v. Transportation Communications Union,* 734 F.Supp. 578, 581–82 (E.D.N.Y.1990) (Spatt, J.) (same). Further, although the Court recognizes that for actions commenced on or after December 1, 1990 this result no longer would obtain in light of the affirmative jurisdictional grant of "supplemental jurisdiction" to hear pendent-party claims in federal question cases that now is supplied by 28 U.S.C. § 1367, the supplemental jurisdiction statute does not apply to actions, such as the case at bar, which were commenced prior to December 1, 1990. *See* 28 U.S.C. § 1367 Historical and Statutory Notes—Effective Dates—1990 Acts ("The amendments made by this section [enacting this section] shall apply to civil actions commenced on or after the date of the enactment of this Act [Dec. 1, 1990]."); *see also Greenblatt v. Delta Plumbing & Heating Corp.,* 68 F.3d 561, 576 (2d Cir.1995) ("Prior to the enactment of § 1367, pendent-party jurisdiction was not authorized.") (citing *Finley,* 490 U.S. at 556, 109 S.Ct. at 2010–11). Accordingly, plaintiff's claims against each of the individual defendants must be dismissed for lack of subject matter jurisdiction.

### III. Ancillary Jurisdiction over Third-Party Claims Asserted by LIRR Against the Individual Defendants

■ In its brief in opposition to the individual defendants' motion to dismiss, defendant LIRR requests that its cross-claims for contribution against the individual defendants be converted into third-party claims in

the event of a dismissal vis-a-vis the plaintiff. None of the individual defendants has filed a reply brief addressing this contention.

At first blush, the LIRR's application would appear to be precluded by *Finley.* Specifically, the *Finley* decision suggests that the requirement of an independent statutory grant of jurisdiction applies with equal force to the doctrine of ancillary jurisdiction, *see Finley,* 490 U.S. at 551, 109 S.Ct. at 2008, which generally is regarded to encompass a defendant's claim against a third-party defendant for contribution. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). Moreover, the *Finley* Court enunciated narrow exceptions whereby ancillary jurisdiction may be asserted over parties notwithstanding the absence of an independent jurisdictional grant. Justice Scalia's illustrations of where ancillary jurisdiction still may be employed pertained to the following circumstances: (1) "when an additional party has a claim upon contested assets within the court's exclusive control," and (2) "when [it is] necessary to give effect to the court's judgment...." *Finley,* 490 U.S. at 551, 109 S.Ct. at 2008.

The Second Circuit Court of Appeals has considered the foregoing language in *Finley* and does not regard it to bar the use—notwithstanding the absence of an independent jurisdictional grant—of counterclaims asserted against a third-party defendant that are logically dependent upon a finding of liability in respect of the plaintiff's federal claims against the defendant asserting such counterclaims (i.e., Fed.R.Civ.P. 13(h) compulsory counterclaims). *See Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121, 1125–26 (2d Cir.1990); *see also In re Joint E. & S. Dists. Asbestos Litig.,* 769 F.Supp. 85, 86 (E.D.N.Y. & S.D.N.Y.1991) (Weinstein, J.) (*"Finley* does not invalidate long accepted principles of ancillary jurisdiction which do not undercut diversity requirements between plaintiffs and defendants."); *Huberman v. Duane Fellows, Inc.,* 725 F.Supp. 204, 207 (S.D.N.Y.1989) (Leisure, J.). In the case at bar, defendant LIRR has been "haled" into federal court without the ability to exercise its volition concerning the choice of forum, and the Rule 13(h) counterclaims for contribution that it wishes to assert against each of the individual defendants are logically dependent upon the liability imposed upon it as a result of the jury's verdict in respect of the plaintiff's federal claim against it under the FELA. Accordingly, the LIRR's request to convert its cross-claims for contribution against the individual defendants into third-party claims is granted.

## IV. LIRR's Request for a New Trial

■ Finally, in the event that this Court declines to permit defendant LIRR's cross-claims for contribution to be converted into third-party claims against the individual defendants, the LIRR requests that the Court hold a new trial on the ground that the presence of the individual defendants at trial materially prejudiced it. Needless to say, this alternate request is now moot in view of the Court's conclusion that Second Circuit law permits the assertion of third-party compulsory counterclaims for contribution notwithstanding the absence of an independent grant of jurisdiction. *See supra.* For completeness of record, however, the LIRR's alternate request must be denied because the Court expressly finds that this defendant was not prejudiced through the presence of the individual defendants at trial. This conclusion is reinforced in view of the language of the FELA, which imposes liability upon a railroad to its employees who are injured *"in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51 (emphasis added).

## CONCLUSION

In accordance with the foregoing, the Court enters the following orders in this action:

(1) Defendant LIRR's motion for reargument of the Court's Memorandum and Order dated August 21, 1995 is DENIED.

(2) Plaintiff's request for costs, disbursements and attorney's fees attributable to de-

fendant LIRR's motion for reargument is DENIED.

(3) The individual defendants' motion to dismiss the plaintiff's claims against them for lack of subject matter jurisdiction is GRANTED and extends to each of the individual defendants in this action vis-a-vis the plaintiff.

(4) Defendant LIRR's request to convert its cross-claims for contribution against each of the individual defendants into third-party claims, on the basis of this Court's ancillary jurisdiction, is GRANTED.

(5) Defendant LIRR's alternate request for a new trial is DENIED.

(6) The parties shall settle a proposed judgment within 10 days of the date that this Memorandum and Order is docketed.

SO ORDERED.