Oliver M. REDMOND, Plaintiff,

v.

DAY & ZIMMERMAN, INC., Defendant.

No. 95–2112–JWL.

United States District Court,
D. Kansas.

Aug. 25, 1995.

---

Henry O. Boaten, Topeka, KS, for plaintiff.

Richard C. Dearth, Jeffry L. Jack, Dearth, Markham & Jack, Chartered, Parsons, KS, E. Leroy Autrey, Autrey & Autrey, Texarkana, AR, for defendant.

## *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

In this case, plaintiff Oliver M. Redmond asserts that defendant Day and Zimmerman, Inc.'s termination of plaintiff's employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* (1988) (Title VII). This matter is presently before the court on defendant's motion for summary judgment (Doc. # 23). For the reasons set forth below defendant's motion is granted.

### I. Facts

The following facts are uncontroverted or are those facts considered in the light most favorable to plaintiff for purposes of this summary judgment motion. Defendant is a Maryland corporation with its principal place of business in Pennsylvania. Defendant loads, assembles and packages munitions for, among others, the United States Army at a plant located near Parsons, Kansas. Employment at the plant from 1985 to 1994 was as follows:

| Year | Employees |
| --- | --- |
| 1985 | 1285 |
| 1986 | 1185 |
| 1987 | 1584 |
| 1988 | 1583 |
| 1989 | 876 |
| 1990 | 1174 |
| 1991 | 1302 |
| 1992 | 738 |
| 1993 | 514 |
| 1994 | 337 |

Defendant hired plaintiff, an African American, on May 18, 1973 as an x-ray technician. Plaintiff was 52 years old. On May 30, 1973, he was promoted to car inspector. He remained at this position, or similar positions in the same division, until 1984 when he was transferred to the Industrial Relations Division, Guard Department, and became a guard lieutenant, a supervisory position. Thereafter, plaintiff continued to work as a guard lieutenant until January 20, 1994, when he was laid off in a reduction in force.

Layoffs of unionized employees and nonsupervisory employees that are not covered by a union contract are conducted on a seniority basis. Seniority is tracked within a work unit or classification. An employee's seniority begins to accrue when the employee enters a unit or classification. A nonsupervisory employee's seniority is based on the time spent in a classification or unit rather than by the date of hire or total years of service in all capacities. The collective bargaining agreement between defendant and the Guards Union Local 253 covers one classification, guard, and provides that the least senior employees will be laid off first in a reduction in force. An employee that has transferred from a unit or classification covered by the seniority system to a supervisory position retains the seniority held at the time of transfer but does not accrue any additional seniority. If an employee laid off from a supervisory position has sufficient seniority in a previously held unit or classification, he or she can return to that unit or classification and "bump" the least senior employee in that unit or classification.

At the time plaintiff was laid off, defendant employed two additional guard lieutenants: Cora M. Bolden, an African American then aged 50 and James J. Setter, a Caucasian

then aged 52. All three guard lieutenant positions were eliminated on January 20, 1994. Unlike either plaintiff or James Setter, Cora Bolden had sufficient seniority at a nonsupervisory position, guard, to bump a less senior guard after the elimination of the guard lieutenant positions.

In 1990, plaintiff sued defendant under Title VII for failing to promote plaintiff to guard captain. The suit was settled on a no-fault basis and dismissed with prejudice. Plaintiff filed the present action on March 8, 1995. He alleges defendant terminated him because of his age and race. Plaintiff further contends that his termination was in retaliation for filing the 1990 discrimination suit against defendant.

## II. Summary Judgment Standard

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir.1995). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anglemeyer v. Hamilton County Hosp.*, 58 F.3d 533 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific*

*R.R.*, 740 F.Supp. 1519, 1522–23 (D.Kan. 1990). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

## III. Discussion

Absent direct evidence of discrimination,[1] the court analyzes both disparate treatment and retaliatory discharge cases according to the shifting burden of proof scheme initially articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Burrus v. United Telephone Co.*, 683 F.2d 339, 341–42, 343 (10th Cir.1982), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). Under this standard, the plaintiff bears the initial burden of establishing a prima facie case of discrimination or retaliatory discharge. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. A prima facie case creates a presumption that the employer unlawfully discriminated against the employee. *St. Mary's Honor Center v. Hicks*, —— U.S. ——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

Once a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the decision. *Id.* The ultimate burden of persuasion remains with the plaintiff to show that unlawful discrimination was the true reason for the adverse action. *Id.* at —— – ——, 113 S.Ct. at 2747–48. If the defendant articulates a legitimate, nondiscriminatory reason, the presumption of discrimination established by the prima facie showing "drops out of the picture." *Id.* at ——, 113 S.Ct. at 2749.

After the defendant proffers a valid reason for the challenged conduct, the plaintiff must offer evidence that the defendant's proffered reasons were really a pretext for illegal conduct. *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir.1995). "At the sum-

---

1. Plaintiff does not allege the existence of, nor has the court's independent review of the record

uncovered, direct evidence of discrimination.

mary judgment stage, if the plaintiff produces both a prima facie case and evidence supporting a finding that 'defendant's alleged nondiscriminatory reasons for the employment decisions are pretextual, the case should go to the factfinder.'" *Id.* (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 621 (10th Cir.1994)); *see Durham v. Xerox Corp.*, 18 F.3d 836, 839–40 (10th Cir.1994) ("Although a prima facie case combined with disproof of the employer's explanations does not prove intentional discrimination as a matter of law, it may permit the factfinder to infer discrimination, and thus preclude summary judgment for the employer."). Failure by the plaintiff to come forward with evidence of pretext, however, will entitle the defendant to judgment. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 529 (10th Cir.1994); see *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 798 (10th Cir.1993) ("If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate.").

## A. Plaintiff's Age and Race Discrimination Claims

To establish a prima facie case of age or race discrimination, plaintiff must show that he was: (1) a member of a protected group; (2) qualified; (3) terminated despite his qualifications and (4) replaced by a person outside the protected group. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. In reduction in force cases, a plaintiff is not always replaced with another employee. Consequently, courts have modified the fourth prima facie element to require the plaintiff to "produc[e] evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Jones*, 54 F.3d at 630 (citing *Branson v. Price River Coal Co.*, 853

F.2d 768, 771 (10th Cir.1988)). "This element may be established through circumstantial evidence that the plaintiff was treated less favorably than younger [or non-African American] employees during the reduction in force." *Branson*, 853 F.2d at 771.

The burden of establishing a prima facie case of disparate treatment is not an onerous one. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Nevertheless, plaintiff must, at a minimum, produce evidence that raises a reasonable inference that each element exists. *See Cone*, 14 F.3d at 530. Although all doubts must be resolved in Mr. Redmond's favor, allegations alone will not defeat summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Plaintiff has not made out a prima facie case of race or age discrimination. The record does indicate that the first three elements exist. Plaintiff is a member of a protected group, was qualified for his position and was terminated despite his qualification. Plaintiff has failed, however, to produce evidence from which a factfinder might reasonably conclude that defendant intended to discriminate when firing plaintiff.

Plaintiff "submits" that he has established this fourth element because "similarly situated younger, white employees" were treated differently than he was.[2] Plaintiff's Reply Memorandum at 6. Evidence relating to defendant's conduct toward James Setter and Cora Bolden, the only other employees concerning whom the plaintiff has produced any evidence, does not support plaintiff's contention.

James Setter, then a Caucasian guard lieutenant aged 52, was treated exactly like

---

**2.** Despite his assertion that he was treated differently from similarly situated, younger, white employees, plaintiff's reply memorandum does not expressly identify any employee meeting that description. If plaintiff's claim is merely an unsupported allegation that some unidentified younger, white employees received favorable treatment, the claim must fail. *See Branson*, 853 F.2d at 772. (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983)) ("To avoid summary

judgment, a party must produce 'specific facts showing that there remains a genuine issue for trial' and evidence 'significantly probative as to any material fact claimed to be disputed.'").

By scouring the sparse record under a light most favorable to plaintiff, the court concludes that plaintiff could be asserting that he was treated dissimilarly from the other two guard lieutenants. The court will analyze plaintiff's claim accordingly.

plaintiff. Defendant eliminated all three guard lieutenant positions in the reduction in force. Mr. Setter did not obtain another position in the plant. Plaintiff has produced no evidence that Mr. Setter received preferential treatment.[3]

Cora Bolden, then an African American guard lieutenant aged 50, remained employed at the plant after the elimination of the guard lieutenant positions. Before being promoted to guard lieutenant, Ms. Bolden worked as a guard. As plaintiff admits, Ms. Bolden had enough seniority as a guard to bump less senior employees in that classification.[4] Plaintiff's Reply Memorandum at 3. Plaintiff does not assert, nor does the record raise the inference, that defendant had sufficient seniority in any classification to bump another employee.[5] As a result, the record suggests that Ms. Bolden remained employed at the plant because, in terms of seniority, she was not similarly situated to plaintiff.

Plaintiff also attempts to establish the fourth prong of his prima facie case by stating that defendant's refusal to consider plaintiff for another position raises an inference of intentional discrimination. Plaintiff's Reply Memorandum at 5–6. Once again, however, plaintiff has failed to provide any evidence that there was a position available for which plaintiff was qualified.[6] As a result, the court does not need to consider whether the refusal to consider plaintiff for another position raises an inference of intentional discrimination.

■■■ Even if plaintiff could establish a prima facie case, defendant has articulated a legitimate, nondiscriminatory basis for plaintiff's dismissal. Total employment at the plant has decreased from 1302 in 1991 to 337 in 1994. Contributing to the decline, the cost plus incentive fee contract with the United States ended in 1993, halting federal government reimbursement of employee wages and benefits.

■■■ Plaintiff contends that defendant's reasons are pretextual because plaintiff was treated differently from younger, white, less qualified employees. Just as evidence of dissimilar treatment of similarly-situated individuals suffices to establish the fourth prong of a prima facie case, *Branson*, 853 F.2d at 771, the same evidence raises an inference that an employer's reasons for its actions are pretextual. *See Burdine*, 450 U.S. at 258, 101 S.Ct. at 1096; *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. Plaintiff, however, has again failed to produce any evidence suggesting dissimilar treatment. "[M]ere conjecture that [an] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Branson*, 853 F.2d at 772.

Plaintiff has failed to establish a prima facie case of race or age discrimination. Even if plaintiff had done so, defendant has articulated legitimate, nondiscriminatory reasons for its actions and plaintiff has not raised an inference that those reasons are pretextual. Consequently, defendant's motion for summary judgment as to plaintiff's race and age claims must be granted.

**B. Plaintiff's Retaliatory Discharge Claim**

■■■ To establish a prima facie case for retaliatory discharge, plaintiff must show (1) he engaged in opposition to Title VII dis-

---

**3.** Plaintiff claims that defendant knew that Mr. Setter planned to relocate to another city. No evidence in the record indicates that Mr. Setter intended to move or that defendant had any knowledge of Mr. Setter's plans.

**4.** Plaintiff does not challenge the validity of the seniority system nor assert that the system is discriminatory in effect.

**5.** As the facts state, defendant employed plaintiff as an x-ray technician and car inspector prior to promoting him to guard lieutenant. Plaintiff, however, does not allege that, under the seniority system agreed to by defendant and the labor unions, he had sufficient seniority at either or those positions or elsewhere in the plant to be entitled to bump another employee. Plaintiff does not allege, nor does the record indicate, whether or not his previous positions were covered by the seniority system or even continued to exist after the massive scale back of the 1990s.

**6.** Plaintiff maintains that he is qualified for a dispatcher position but fails to produce evidence that a dispatcher position was available, what the requirements for a dispatcher are, or that plaintiff meets those requirements.

crimination or participated in a Title VII proceeding; (2) he was subject to adverse employment action subsequently to or contemporaneously with the protected activity and (3) a causal connection exists between the protected activity and the adverse employment action. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1420 (10th Cir.1995); *Burrus v. United Telephone Co.*, 683 F.2d 339, 343 (10th Cir.1982), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). The causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive such as protected conduct closely followed by adverse action. *Burrus*, 683 F.2d at 343.

Plaintiff can establish only the first two elements of his prima facie case. He participated in a Title VII proceeding filed on August 13, 1990, which was settled. Subsequent to that proceeding, his employment was terminated on January 20, 1994.

■ No evidence in the record, however, raises an inference that a causal connection exists between the protected activity and the adverse employment action. Defendant terminated plaintiff's employment over three years after he filed his initial claim of racial discrimination. In *Burrus v. United Telephone Co.*, 683 F.2d 339, 343 (10th Cir.1982), the plaintiff was terminated almost three years after she filed her initial charge of gender discrimination. The Tenth Circuit held that "[g]iven the length of time between the filing of charges and the termination, ... [the plaintiff] failed to establish a prima facie case of retaliation based on her termination." *Id.*

Despite this time gap, plaintiff contends that at least three pieces of evidence show the connection between his earlier suit and his termination: (1) defendant's reorganization plan eliminated plaintiff's position; (2) documents relating to security measures taken after the elimination of the guard lieutenant positions mention plaintiff; and (3) the captain of the guards, whose promotion to captain instead of plaintiff prompted plaintiff's 1990 suit, ordered the guards to prevent plaintiff from entering the plant unless his wife, an employee, brought him.

Only the captain's order has an arguable relationship with plaintiff's 1990 suit. This order, however, shows no connection to plaintiff's termination. The order was issued after termination had occurred. Nothing in the record links the captain to plaintiff's termination. Nothing in the record indicates the captain participated in structuring the layoffs. Plaintiff simply has not established a prima facie case.

In *Murray v. City of Sapulpa*, 45 F.3d 1417, 1421 (10th Cir.1995), the plaintiff claimed that his employment was terminated in retaliation for charges he filed against the police department. The plaintiff's two prior complaints had been referred to during the plaintiff's due process hearing. The Tenth Circuit held, however, that "[w]ithout further explanation ..., [the court could not] draw any conclusions on the causal connection between the complaints and ... [the] discharge." *Id.* Likewise, plaintiff in this case "has not introduced sufficient evidence to support the inference of a causal connection" between his earlier suit and his termination over three years later. *Id.* at 1422.

As noted above in the discussion of plaintiff's race and age discrimination claims, even if plaintiff could make a prima facie case, defendant has articulated legitimate, nondiscriminatory reasons for its actions. Plaintiff's attempt to show pretext consists of unsupported allegations and accusations. That is not sufficient to survive summary judgment.

## IV. Order

**IT IS THEREFORE ORDERED BY THE COURT** that the motion of defendant Day & Zimmerman, Inc., for summary judgment (Doc. # 23) is granted.

**IT IS SO ORDERED.**