85 F.3d 641
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Oliver M. REDMOND, Plaintiff-Appellant,
v.
DAY & ZIMMERMAN, INC., Defendant-Appellee.
 No. 95-3294.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1996.
As Amended July 22, 1996.
 
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,** District Judge.
 BRORBY, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Oliver M. Redmond filed suit against his former employer, claiming his employment was terminated in violation of Title VII, 42 U.S.C.2000e through 2000e-17, because of his age and race, and in retaliation for a prior discrimination claim against the employer. The employer moved for summary judgment. The district court granted the motion, concluding that Mr. Redmond had failed to establish a prima facie case of discrimination or retaliation, and even if he had, the employer had articulated a legitimate nondiscriminatory reason for dismissing Mr. Redmond.
 
 
 3
 We review the grant of summary judgment de novo, using the same standard as the district court under Fed.R.Civ.P. 56(c). Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We examine the factual record and the inferences that reasonably can be drawn from the facts in the light most favorable to the party opposing summary judgment. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 4
 We have carefully reviewed the parties' briefs and the appendix, and we have considered them in light of the applicable law. Mr. Redmond has failed to persuade us that the district court committed any reversible error. The district court issued a thorough, well-reasoned and well-written memorandum and order granting summary judgment to defendant. We can say it no better. Therefore, we affirm the district court's August 25, 1995 summary judgment order for substantially the same reasons stated in that order, a copy being attached ( 897 F.Supp. 1380).
 
 
 5
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3